James J. Pisanelli, Esq., Bar No. 4027
JJP@pisanellibice.com
Todd L. Bice, Esq., Bar No. 4534
TLB@pisanellibice.com
Jordan T. Smith, Esq., Bar No. 12097
JTS@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: 702.214.2100
Facsimile: 702.214.2101

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CLARK COUNTY, NEVADA,<br><br>Plaintiff,<br><br>v.<br><br>ORBITZ WORLDWIDE, LLC; ORBITZ, LLC; ORBITZ, INC.; TRAVELSCAPE, LLC; TRAVELOCITY, INC.; CHEAP TICKETS, INC.; EXPEDIA, INC.; EXPEDIA GLOBAL, LLC; HOTELS.COM, LP; HOTWIRE INC.; BOOKING HOLDINGS INC.; PRICELINE.COM, LLC; TRAVELWEB, LLC; TRAVELNOW.COM, INC.; AGODA INTERNATIONAL USA LLC; HOTEL TONIGHT, INC.; HOTEL TONIGHT, LLC; DOES I through XXX, inclusive and ROE BUSINESS ENTITIES I through XXX, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendants Orbitz Worldwide, LLC, Orbitz, LLC, Orbitz, Inc., Travelscape, LLC, Travelocity, Inc., Cheap Tickets, Inc., Expedia, Inc., Expedia Global, LLC, Hotels.com, LP, Hotwire Inc., Booking Holdings Inc., Priceline.com LLC, Travelweb LLC, TravelNow.com, Inc., Agoda International USA LLC, Hotel Tonight, Inc., and Hotel Tonight, LLC ("Defendants"), by

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

and through undersigned counsel, hereby remove the above-captioned lawsuit from the State of Nevada Eighth Judicial District to the United States District Court for the District of Nevada.

By filing this Notice of Removal, Defendants do not concede any allegation, assertion, claim, or demand for relief in the Complaint filed by Plaintiff Clark County, Nevada, and Defendants expressly deny that they are liable under any of the causes of action asserted in the Complaint. In support of removal, Defendants state as follows:

**I. THE STATE COURT ACTION**

1. On May 14, 2021, Plaintiff Clark County, Nevada filed a civil action captioned *Clark County v. Orbitz Worldwide, LLC, et al.*, Case No. A-21-834681-C in the State of Nevada Eighth Judicial District ("State Court Action").

2. In the State Court Action, Plaintiff asserts seven claims against seventeen Defendants, who are all "web-based hotel booking companies," for declaratory judgment, violations of Clark County ordinances, conversion, breach of fiduciary duty, unjust enrichment, violations of the Nevada Deceptive Trade Practices Act, and constructive trust, premised on Defendants' alleged "common practice/scheme to avoid payment of Nevada's and Clark County's Combined Transient Lodging Tax as required by Nevada law." (Compl. ¶ 1, attached hereto as **Exhibit A**.) Plaintiffs further allege that, "[a]s a result of the business model utilized by Defendants, it has been "deprived of receiving million[s] of dollars in Combined Transient Lodging Taxes." (*Id.* at ¶ 46.) Plaintiffs seek unspecified compensatory damages of an amount in excess of $15,000, punitive damages, declaratory relief, imposition of a constructive trust, and attorneys' fees and other costs. (*Id.* at p. 16.)

3. On June 23, 2021, Defendants Orbitz, LLC, Orbitz, Inc., Booking Holdings Inc., Priceline.com LLC, Travelweb LLC, Hotel Tonight, Inc., and Hotel Tonight, LLC were served with Summons and a copy of the Complaint. On June 24, 2021, Defendants Orbitz Worldwide, LLC, Travelscape, LLC, Expedia, Inc., Expedia Global, LLC, Hotels.com LP, Hotwire, Inc., and Agoda International USA LLC were served with Summons and a copy of the Complaint. Copies of all Summonses served in the State Court Action are attached hereto as **Group Exhibit B**.

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

4. As of the filing of this Notice, Defendants Travelocity, Inc., Cheap Tickets, Inc., and TravelNow.com, Inc. have not been served with Summons or a copy of the Complaint.[1] No other Summons has been issued or served in the State Court Action.

## II. SUBJECT MATTER JURISDICTION

5. Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any civil action brought in a state court of which the District Courts of the United States have original jurisdiction. Removal is proper in this matter because the Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332(a).

### A. Complete Diversity Exists Between Plaintiff and Defendants.

6. Complete diversity of citizenship exists here because, as described below, Plaintiff is a citizen of the State of Nevada and all Defendants are citizens of different States (California, Connecticut, Delaware, Illinois, and Washington) or are citizens or subjects of a foreign state (the United Kingdom). 28 U.S.C. § 1332(a)(3); *see Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (noting that § 1332(a)(3) "confers jurisdiction in the District Court when a citizen of one State sues both aliens and citizens of a State (or States) different from the plaintiff's"); *Lee v. ANC Car Rental Corp.*, 220 F. App'x 493, 495 (9th Cir. 2007) (diversity jurisdiction exists under § 1332(a)(3) where there are foreign parties in addition to "both United States citizen plaintiffs and United States citizen defendants").

a. Plaintiff Clark County, Nevada "is an unincorporated county organized under the laws of the State of Nevada." (Compl. ¶ 4, **Ex. A**.) Political subdivisions, such as counties, are citizens of the State where they are located for purposes of diversity jurisdiction. *Naffe v. Frey*, 789 F.3d 1030, n.4 (9th Cir. 2015). Accordingly, "Clark County is considered a Nevada citizen for diversity purposes." *Tagle v. Clark County*, No. 16-0709, 2016 WL 11481538, at *2 (D. Nev. May 4, 2016).

---

[1] As noted below, these Defendants merged with other entities in 2015, 2001, or 2009, such that each "no longer maintains a separate or distinct legal identity." (*See infra* ¶¶ 6(f), (g), (*o*).)

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

b. Defendant Orbitz Worldwide, LLC is a Delaware limited liability company. (Compl. ¶ 5, **Ex. A**.) "For purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which its owners/members are citizens." *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) (cleaned up). Furthermore, in the jurisdictional analysis "the citizenship of the members of an LLC is traced all the way through—that is, when a member of an LLC is itself an LLC, the citizenship of that LLC are relevant for diversity purposes, and so on." *Jakks Pac., Inc. v. Accasvek, LLC*, 270 F. Supp. 3d 191, 195 (D. D.C. 2017); *see also Am. Cricket Premier League, LLC v. USA Cricket*, 445 F. Supp. 3d 1167, 1180 (D. Colo. 2020) (to determine LLC's citizenship, it is necessary to "examine the members' members until [one] 'bottoms out' at a natural person or a corporation"). The sole member of Orbitz Worldwide, LLC is Orbitz Worldwide, Inc., which is a Delaware corporation with its principal place of business in Chicago, Illinois. Thus, Orbitz Worldwide, LLC is considered a citizen of Delaware and Illinois for diversity purposes. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business").

c. Defendant Orbitz, LLC is a Delaware limited liability company (Compl. ¶ 6, **Ex. A**), with two members—Orbitz, Inc. and O Holdings, Inc., both of which are Delaware corporations with their principal places of business in Chicago, Illinois. Thus, Orbitz, LLC is considered a citizen of Delaware and Illinois for diversity purposes. (*See supra* ¶ 6(b).)

d. Defendant Orbitz, Inc. "is a Delaware corporation with its principal place of business in Chicago, Illinois." (Compl. ¶ 7, **Ex. A**), Thus, Orbitz, Inc. is considered a citizen of Delaware and Illinois for diversity purposes. (*See supra* ¶ 6(b).)

e. Defendant Travelscape, LLC is a Nevada limited liability company (Compl. ¶ 8, **Ex. A**), with one member—Expedia, Inc., which is a Washington corporation with its principal place of business in Seattle, Washington. Thus, Travelscape, LLC is considered a citizen of Washington for diversity purposes. (*See supra* ¶ 6(b).)

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

   f. Defendant Travelocity, Inc., formerly a Nevada corporation (Compl. ¶ 9, **Ex. A**), was merged into Travelscape, LLC on May 1, 2015. (*See* Screenshots of Nevada Secretary of State Website, attached hereto as **Group Exhibit C**, and also available at https://esos.nv.gov/EntitySearch/OnlineEntitySearch.) As a result of this merger, Travelscape, LLC was the sole surviving entity, such that Travelocity, Inc. no longer maintains a separate or distinct legal identity. (*Id.*) "A company that merges into another company adopts the citizenship of the merged company for diversity purposes." *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1046 n.75 (C.D. Cal. 2012); *accord Meadows v. Bicrodyne Corp.*, 785 F.2d 670, 672 (9th Cir. 1986). Thus, Travelocity, Inc. adopts the citizenship of Travelscape, LLC and is considered a citizen of Washington for diversity purposes. (*See supra* ¶¶ 6(b), (e).)

g. Defendant Cheap Tickets, Inc., formerly a Delaware corporation (Compl. ¶ 10, **Ex. A**), merged with Trip Network, Inc. (d/b/a CheapTickets.com) on October 1, 2001. As a result of this merger, Trip Network, Inc. was the sole surviving entity, such that Cheap Tickets, Inc. no longer maintains a separate or distinct legal identity. Trip Network, Inc. is a Delaware corporation with its principal place of business in Chicago, Illinois. Thus, Cheap Tickets, Inc. adopts the citizenship of Trip Network, Inc. (d/b/a CheapTickets.com) and is considered a citizen of Delaware and Illinois for diversity purposes. (*See supra* ¶¶ 6(b), (f).)

h. Defendant Expedia, Inc. "is a Washington corporation with its principal place of business in Seattle, Washington." (Compl. ¶ 11, **Ex. A**.) Thus, Expedia, Inc. is considered a citizen of Washington for diversity purposes. (*See supra* ¶ 6(b).)

i. Defendant Expedia Global, LLC is a Nevada limited liability company (Compl. ¶ 12, **Ex. A**), with one member—Expedia, Inc., which is a Washington corporation with its principal place of business in Seattle, Washington. Thus, Expedia Global, LLC is considered a citizen of Washington for diversity purposes. (*See supra* ¶ 6(b).)

j. Defendant Hotels.com LP is a Texas limited partnership (Compl. ¶ 13, **Ex. A**), with two partners—HRN 99 Holdings, LLC and Hotels.com GP, LLC. The sole member of both HRN 99 Holdings, LLC and Hotels.com GP, LLC is Expedia, Inc., which is a Washington

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

corporation with its principal place of business in Seattle, Washington. "For purposes of determining diversity jurisdiction, a limited partnership is deemed to be a citizen of every state where its general and limited partners reside." *Hooper v. Wolfe*, 396 F.3d 744, 748 (6th Cir. 2005) (cleaned up); *see also Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1064 n.10 (9th Cir. 2019) ("Partnerships are citizens of each state or foreign country of which any partner is a citizen."). Thus, Hotels.com LP is considered a citizen of Washington for diversity purposes. (*See supra* ¶ 6(b).)

k. Defendant Hotwire, Inc. "is a Delaware corporation with its principal place of business in San Francisco, California." (Compl. ¶ 14, **Ex. A**.) Thus, Hotwire, Inc. is considered a citizen of Delaware and California for diversity purposes. (*See supra* ¶ 7(b).)

l. Defendant Booking Holdings Inc. "is a Delaware corporation with its principal place of business in Norwalk, Connecticut." (Compl. ¶ 15, **Ex. A**.) Thus, Booking Holdings, Inc. is considered a citizen of Delaware and Connecticut for diversity purposes. (*See supra* ¶ 6(b).)

m. Defendant Priceline.com LLC is a Delaware limited liability company (Compl. ¶ 16, **Ex. A**), with one member—Priceline.com International Limited, which is a United Kingdom private limited company with its principal place of business in London, United Kingdom and which is wholly owned within Booking Holdings, Inc. "UK private limited companies are treated as corporations for the purposes of diversity subject-matter jurisdiction." *SHLD, LLC v. Hall*, No. 15-6225, 2015 WL 5772261, at *2 (S.D.N.Y. Sept. 29, 2015); *accord Landmarc Capital & Inv. ex rel. Kingry v. Great Lakes Reinsurance (UK) PLC*, No. 13-2439, 2014 WL 12680313, at *1–2 (D. Ariz. Jan. 29, 2014); *see also Brink's Co. v. Chubb European Grp. Ltd.*, No. 20-0520, 2020 WL 6829870, at *5–6, n.1 (E.D. Va. Nov. 20, 2020) (collecting cases); *SNC-Lavalin Constructors Inc. v. Tokio Marine Kiln Ins. Ltd.*, Nos. 19-0873, 19-1510, 2021 WL 2550505, at *5–9 (D. Md. June 21, 2021) (same). Thus, Priceline.com LLC is considered a citizen of the United Kingdom for diversity purposes. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every … foreign state by which it has been incorporated and of the … foreign state where it has its principal place of business").

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

n. Defendant Travelweb LLC is a Delaware limited liability company (Compl. ¶ 17, **Ex. A**), with one member—Lowestfare.com LLC. In turn, the sole member of Lowestfare.com LLC is Priceline.com LLC. Priceline.com LLC has one member—Priceline.com International Limited, which is a United Kingdom private limited company with its principal place of business in London, United Kingdom and which is wholly owned within Booking Holdings, Inc. Thus, Travelweb LLC is considered a citizen of the United Kingdom for diversity purposes. (*See supra* ¶ 6(m).)

o. Defendant TravelNow.com, Inc., formerly a Delaware corporation (Compl. ¶ 18, **Ex. A**), merged with Expedia, Inc. on January 1, 2009. As a result of this merger, Expedia, Inc. was the sole surviving entity, such that TravelNow.com, Inc. no longer maintains a separate or distinct legal identity. Expedia, Inc. is a Washington corporation with its principal place of business in Seattle, Washington. Thus, TravelNow.com, Inc. adopts the citizenship of Expedia, Inc. and is considered a citizen of Washington for diversity purposes. (*See supra* ¶¶ 6(b), (f).)

p. Defendant Agoda International USA LLC is a Delaware limited liability company (Compl. ¶ 17, **Ex. A**), with one member—Priceline.com International Limited, which is a United Kingdom private limited company with its principal place of business in London, United Kingdom and which is wholly owned within Booking Holdings, Inc. Thus, Agoda International USA LLC is considered a citizen of the United Kingdom for diversity purposes. (*See supra* ¶ 6(m).)

q. Defendant Hotel Tonight, Inc., formerly a Delaware corporation with its principal place of business in San Francisco, California (Compl. ¶ 21, **Ex. A**), merged with a wholly owned subsidiary of Airbnb, Inc. on April 15, 2019. As a result of this merger, Hotel Tonight, Inc. no longer maintains a separate or distinct legal identity. The surviving entity of the merger is Hotel Tonight, LLC, which has one member—Airbnb, Inc., which is a Delaware corporation with its principal place of business in San Francisco, California. Thus, both prior and subsequent to April 15, 2019, Hotel Tonight, Inc. was and is considered a citizen of Delaware and California for diversity purposes. (*See supra* ¶¶ 6(b), (f).)

   r. Defendant Hotel Tonight, LLC is a Delaware limited liability company (Compl. ¶ 22, **Ex. A**), with one member—Airbnb, Inc., which is a Delaware corporation with its principal place of business in San Francisco, California. Thus, Hotel Tonight, LLC is considered a citizen of Delaware and California for diversity purposes. (*See supra* ¶ 6(b).)

7. Plaintiff also has named in its State Court Action several hundred fictitious Defendants, designated as "Does 1 through 100 and Roe Corporations 1 through 100." (Compl. ¶ 27, **Ex. A**.) Plaintiff provides no details about any of these Doe or Roe Defendants, and instead merely avers that "[t]he true names and capacities, whether individual, corporate, associates, co-partnership, or otherwise of" these fictitious Defendants "are unknown" and, upon information and belief, they "are responsible in some manner for the events and happenings referred to in this action and proximately caused damages to Plaintiffs as herein alleged." (*Id.*) "It is well settled that the citizenship of John or Jane Doe defendants is disregarded for purposes of determining diversity." *Derungs v. Wal-Mart Stores, Inc.*, 162 F. Supp. 2d 861, 863 n.4 (S.D. Ohio Mar. 5, 2001); *accord* 28 U.S.C. § 1441(b)(1) ("the citizenship of defendants sued under fictitious names shall be disregarded"); *see also Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1036 (E.D. Cal. 2015) (disregarding Doe/Roe defendants where plaintiffs' description of them in the complaint was not "specific enough as to suggest their identity, citizenship, or relationship to the action"). Furthermore, fictitious defendants also should be disregarded as nominal defendants where "they are included in the complaint in the event that during discovery a plaintiff identifies any additional defendants he wishes to add to the suit," as opposed to situations where they represent "specific additional defendants he wishes to sue, but is simply uncertain as to their names." *Hartford Cas. Ins. Co. v. Trinity Universal Ins. Co. of Kan.*, 158 F. Supp. 3d 1183, 1194 (D.N.M. 2015) (cleaned up). Accordingly, Does 1 through 100 and Roe Corporations 1 through 100 are properly disregarded for diversity purposes.

8. In the State Court Action, Plaintiff identifies seventeen named Defendants (*see supra* ¶¶ 6(b)–(r)), and two undefined categories of fictitious 'Doe' and 'Roe' defendants (*see id.* at ¶ 7), in the caption to the complaint. The court docket for the Nevada Eighth Judicial District in the State Court, which is attached hereto as **Exhibit D**, similarly identifies these same

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

seventeen Defendants. And Plaintiff only requested, and the Nevada district court only issued, summonses for these same seventeen Defendants. (*See* **Ex. D**.)

9. While Plaintiff's complaint technically discusses five other entities, each referred to as a "defendant" (*see* Compl. ¶¶ 19, 23–26, **Ex. A**), these are not proper defendants in this case and, upon information and belief, were included in the complaint in error. In particular, in a civil action captioned *State of Nevada ex rel. Mark Fierro & Sig Rogich v. Orbitz Worldwide, LLC, et al.*, Case No. A-20-814111-C filed in the State of Nevada Eighth Judicial District by the same counsel representing Plaintiff in this case (the "*Fierro* Action"), two individual relators proceeding under NRS 357.010 *et seq.* brought claims relating to the same transient lodging tax at issue here against twenty-two named defendants—the seventeen Defendants in this case plus the five other entities referred to above. All twenty-two of the defendants in the *Fierro* Action were named in the caption of the complaint, identified on the case docket, and issued and served with summonses. The five other entities, however, were voluntarily dismissed by the plaintiffs in the *Fierro* Action in March 2021. Two months later, the same counsel filed the complaint in the State Court Action naming as Defendants all the *Fierro* defendants *except the five that were voluntarily dismissed*. Given the foregoing, it appears the five entities referenced in paragraphs 19, 23, 24, 25, and 26 of the complaint as defendants were erroneously included in the State Court Action. *See* NRCP 10(a) ("The caption of the complaint must name all the parties … ."); *Mich. Geosearch, Inc. v. Prosperity Bancshares*, 2014 WL 495361, at *4 n.6, 130 Nev. 1217, at *4 n.6 (2014) (unpublished disposition) (finding that bank was not a party where, although the complaint generally discussed the bank's conduct in the body, the bank was not named as a defendant in the caption). Thus, the citizenship of these non-parties is not considered for diversity purposes.[2]

[2] To the extent Plaintiff claims that it intended to name these five entities as parties in the State Court Action, Defendants reserve the right to file an amended notice of removal showing that diversity still exists given that four of the entities at issue are not Nevada citizens and the other is either a nominal party and/or fraudulently joined, such that its citizenship must be disregarded for diversity purposes.



PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

**B.     The $75,000 Amount in Controversy Is Easily Satisfied.**

10.     The amount in controversy in the State Court Action exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). In the State Court Action, Plaintiff seeks compensatory damages "in excess of … $15,000.00," which is the amount necessary to trigger the jurisdiction of the Nevada State District Court. (Compl. ¶ 29, **Ex. A**.) Because State practice in Nevada merely requires plaintiffs to allege an amount in controversy in excess of a jurisdictional minimum but "permits recovery of damages in excess of the amount demanded," then "the notice of removal may assert the amount in controversy." 28 U.S.C. § 1446(c)(2)(A)(ii). In this situation, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2004). "By design, this standard tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Valin v. Nationstar Mortg., LLC*, No. 18-1109, 2018 WL 5792818, at *2 (D. Nev. Nov. 5, 2018) (cleaned up); *accord Dart*, 574 U.S. at 87. Plaintiff alleges in the Complaint that "[a]s a result of the business model utilized by Defendants" it has been "deprived of receiving million[s] of dollars in Combined Transient Lodging Taxes." (Compl. ¶ 46, **Ex. A**.) Accordingly, the claims for monetary relief in Plaintiff's complaint in the State Court Action easily seek damages in excess of the jurisdictional limit in 28 U.S.C. § 1332(a).

* * *

11.     In conclusion, as demonstrated in Paragraphs 5 to 10 above, this Court has original jurisdiction over the State Court Action because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3); *accord Newman-Green*, 490 U.S. at 828; *Lee*, 220 F. App'x at 495. Therefore, under 28 U.S.C. § 1441(a) Defendants have the right to remove the State Court Action to the United States District Court for the District of Nevada.

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

**III. PROCEDURAL COMPLIANCE**

12. The earliest any of the Defendants received a copy of the Complaint via service with Summons in the State Court Action was June 23, 2021. (**Grp. Ex. B.**) Defendants' "time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, *but not by mere receipt of the complaint unattended by any formal service*." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (emphasis added). Accordingly, this Notice is filed "within 30 days after the receipt by the defendant[s], through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

13. All Defendants join this notice of removal and consent to removal, and no summons has been issued to or served upon any other party or entity in the State Court Action. (*See supra* ¶¶ 3–4.) Accordingly, Defendants have complied with 28 U.S.C. § 1446(b)(2).

14. A true and correct copy of this Notice will be filed with the District Court for Clark County, Nevada, as required by law, and served upon Plaintiff's counsel. *See* 28 U.S.C. § 1446(d).

15. The Complaint (**Ex. A**), and the Summonses (**Grp. Ex. B**), are the only documents served on Defendants in the State Court Action. *See* 28 U.S.C. § 1446(a).

**IV. NO WAIVER AND RESERVATION OF RIGHTS**

16. Defendants have not filed any responsive pleading or motion in the State Court Action. The time in which Defendants are required to answer or otherwise respond to the Complaint has not elapsed.

17. By filing this Notice of Removal, Defendants do not waive any defense available to them, including but not limited to any objections to service of process, personal jurisdiction, or venue, and Defendants reserve all rights and waives none, including but not limited to the right to bring a motion to dismiss claims under Rule 12 of the Federal Rules of Civil Procedure.

18. Defendants reserve the right to amend or supplement this Notice of Removal. Accordingly, Defendants respectfully request that the State Court Action proceed before this Court as an action properly removed from the State of Nevada Eighth Judicial District to the United States District Court for the District of Nevada.

WHEREFORE, Defendants hereby remove the State Court Action to the United States District Court for the District of Nevada

RESPECTFULLY SUBMITTED this 13th day of July, 2021

PISANELLI BICE PLLC

By: *__/s/ Todd L. Bice__*
James J. Pisanelli, Esq., #4027
Todd L. Bice, Esq., #4534
Jordan T. Smith, Esq., #12097
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

*Attorneys for Defendants*

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of Pisanelli Bice PLLC, and that on this 13th day of July, 2021, I caused to be e-filed/e-served and/or emailed a true and correct copy of the above and foregoing **NOTICE OF REMOVAL** to:

A. William Maupin, Esq.
Dominic P. Gentile, Esq.
Michael V. Cristalli, Esq.
Mark S. Dzarnoski, Esq.
Bert Wuester, Esq.
CLARK HILL PLLC
3800 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169

*/s/ Kimberly Peets*
An employee of PISANELLI BICE PLLC