# Exhibit A

# Complaint

Electronically Filed
5/14/2021 3:35 PM
Steven D. Grierson
CLERK OF THE COURT

A. WILLIAM MAUPIN, ESQ. (NSBN 1315)
awmaupin@clarkhill.com
DOMINIC P. GENTILE, ESQ. (NSBN 1923)
dgentile@clarkhill.com
MICHAEL V. CRISTALLI, ESQ. (NSBN 6266)
mcristalli@clarkhill.com
MARK S. DZARNOSKI, ESQ. (NSBN 3398)
mdzarnoski@clarkhill.com
BERT WUESTER, ESQ (NSBN 5556)
bwuester@clarkhill.com
**CLARK HILL PLLC**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
ph.: (702) 862-8300; fax: (702) 862-8400
Attorneys for Plaintiffs

CASE NO: A-21-834681-C
Department 24

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| CLARK COUNTY, NEVADA,<br><br>Plaintiffs,<br><br>vs.<br><br>ORBITZ WORLDWIDE, LLC; ORBITZ, LLC; ORBITZ, INC.; TRAVELSCAPE, LLC; TRAVELOCITY, INC.; CHEAP TICKETS, INC., EXPEDIA INC., EXPEDIA GLOBAL, LLC; HOTELS.COM, LP; HOTWIRE INC.; BOOKING HOLDINGS INC.; PRICELINE.COM, LLC; TRAVELWEB, LLC; TRAVELNOW.COM, INC.; AGODA INTERNATIONAL USA LLC; HOTEL TONIGHT, INC.; HOTEL TONIGHT, LLC;  DOES I through XXX, inclusive and ROE BUSINESS ENTITIES I through XXX, inclusive,<br><br>Defendants. | Case No.:<br><br>Dept. No.:<br><br>**COMPLAINT** |

COMES NOW  CLARK COUNTY, NEVADA ("CLARK COUNTY" or "Plaintiff"),  by and through their counsel of record of Clark Hill PLLC, and hereby complains of Defendants as follows:

1 of 16

**NATURE OF THE ACTION**

1. This lawsuit is to recover damages and obtain other relief from Defendants, web-based hotel booking companies, who have knowingly engaged in a common practice/scheme to avoid payment of Nevada's and CLARK COUNTY's Combined Transient Lodging Tax as required by Nevada law.

2. Defendants contract with hotels for the right to purchase rooms at discounted or "wholesale" prices. Defendants then sell the rooms to the public through their internet sites or toll-free numbers at marked-up, "retail" prices, plus certain "taxes and fees." On information and belief, Defendants charge the customers' credit cards for the entire amount of the transaction, which includes the retail price of the room together with amounts sufficient to pay occupancy taxes on the retail price of the rooms which taxes are lumped together in a single line item which includes unspecified and unitemized "fees." The hotels in turn invoice Defendants for the rooms at the discounted whosesale price and the applicable occupancy tax rate on the discounted wholesale rate.

3. For example, an online travel company such as Travelocity, Inc. obtains a room from a hotel at a previously negotiated wholesale price of, for instance, $150. Travelocity, Inc. in turn sells that same hotel room to an occupant over the internet for $200. In this example, Travelocity, Inc. remits to the hotel the discount wholesale amount ($150) plus the occupancy tax calculated based upon the $150 discounted wholesale rate rather than on the $200 retail rate charged to the consumer. The hotel submits the tax on the $150 discounted wholesale rate to appropriate Nevada taxing authorities, including CLARK COUNTY. Travelocity retains the $50 difference between the discounted wholesale rate ($150) and the retail rate charged to consumers ($200) plus any taxes and fees collected thereon. This business model deprives Nevada taxing authorities, including CLARK COUNTY, of taxes due them on the full value of the transaction whereby a consumer obtains transient lodging in a hotel.

/ / /

/ / /

# THE PARTIES

4. Plaintiff CLARK COUNTY is an unincorporated county organized under the laws of the State of Nevada.

5. Defendant Orbitz Worldwide, LLC is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Defendant Orbitz Worldwide, LLC has at all times relevant to this litigation conducted business in this state.

6. Defendant Orbitz, LLC is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Defendant Orbitz, LLC has at all times relevant to this litigation conducted business in this state.

7. Defendant Orbitz, Inc. is a Delaware corporation with its principal place of business in Chicago, Illinois. Defendant Orbitz, Inc. has at all times relevant to this litigation conducted business in this state.

8. Defendant Travelscape, LLC is a Nevada limited liability company ("Travelocity") with its principal place of business in Las Vegas, Nevada. Defendant Travelscape, LLC has at all times relevant to this litigation conducted business in this state.

9. Defendant Travelocity, Inc. is a Nevada corporation with its principal place of business in Las Vegas, Nevada. Defendant Travelocity, Inc. has at all times relevant to this litigation conducted business in this state.

10. Defendant Cheap Tickets, Inc. is a Delaware corporation with its principal place of business in Honolulu, Hawaii. Defendant Cheap Tickets, Inc. has at all times relevant to this litigation conducted business in this state.

11. Defendant Expedia, Inc. is a Washington corporation with its principal place of business in Seattle, Washington. Defendant Expedia, Inc. has at all times relevant to this litigation conducted business in this state.

12. Defendant Expedia Global, LLC is a Nevada limited liability company with its principal place of business in Seattle, Washington. Defendant Expedia Global, LLC has at all times relevant to this litigation conducted business in this state.

13. Defendant Hotels.com LP is a Texas limited partnership with its principal place of business in Dallas, Texas. Defendant Hotels.com LP has at all times relevant to this litigation conducted business in this state.

14. Defendant Hotwire Inc. is a Delaware corporation with its principal place of business in San Francisco, California. Defendant Hotwire Inc. has at all times relevant to this litigation conducted business in this state.

15. Defendant Booking Holdings Inc. is a Delaware corporation with its principal place of business in Norwalk, Connecticut. Defendant Booking Holdings Inc. has at all times relevant to this litigation conducted business in this state.

16. Defendant Priceline.com LLC is a Delaware limited liability company with its principal place of business in Norwalk, Connecticut. Defendant Priceline.com LLC has at all times relevant to this litigation conducted business in this state.

17. Defendant Travelweb LLC is a Delaware limited liability company with its principal place of business in Norwalk, Connecticut. Defendant Travelweb LLC has at all times relevant to this litigation conducted business in this state.

18. Defendant Travelnow.com Inc. is a Delaware corporation with its principal place of business in Bellevue, Washington. Defendant Travelnow.com Inc. has at all times relevant to this litigation conducted business in this state.

19. Defendant Booking.com (USA) Inc. is a Delaware corporation with its principal place of business in New York, New York. Defendant Booking.com (USA) Inc. has at all times relevant to this litigation conducted business in this state.

20. Defendant Agoda International USA LLC is a Delaware limited liability company with its principal place of business in New York, New York. Defendant Agoda International USA LLC has at all times relevant to this litigation conducted business in this state.

21. Defendant Hotel Tonight, Inc. is a Delaware corporation with its principal place of business in San Francisco, California. Defendant Hotel Tonight, Inc. has at all times relevant to this litigation conducted business in this state.

22. Defendant Hotel Tonight, LLC is a Delaware limited liability company with its principal place of business in San Francisco, California. Defendant Hotel Tonight, LLC has at all times relevant to this litigation conducted business in this state.

23. Defendant Tripadvisor LLC is a Delaware limited liability company with its principal place of business in Needham, Massachusetts. Defendant Tripadvisor LLC has at all times relevant to this litigation conducted business in this state.

24. Defendant Tripadvisor Inc. is a Delaware corporation with its principal place of business in Needham, Massachusetts. Defendant Tripadvisor LLC has at all times relevant to this litigation conducted business in this state.

25. Defendant Trip.com, Inc. is a Delaware corporation with its principal place of business in Shanghai, China. Defendant Trip.com, Inc. has at all times relevant to this litigation conducted business in this state.

26. Defendant Remark Holdings, Inc. is a Delaware corporation with its principal place of business in Las Vegas, Nevada. Defendant Remark Holdings, Inc. has at all times relevant to this litigation conducted business in this state.

27. The true names and capacities, whether individual, corporate, associates, co-partnership, or otherwise of Defendants DOES 1 through 100 and ROE Corporations 1 through 100, are unknown to Plaintiffs who therefore sues said defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the defendants designated as DOES 1 through 100 and ROE Corporations 1 through 100 are responsible in some manner for the events and happenings referred to in this action and proximately caused damages to Plaintiffs as herein alleged.

## **JURISDICTION AND VENUE**

28. At all times relevant, Defendants transacted business in the State of Nevada and in the County of Clark by, among other activities, contracting to purchase hotel rooms from hotels, advertising such hotel rooms to customers, and selling/booking such hotel rooms to the general public.

29. This civil action arises from actions occurring within County of Clark, State of Nevada, involving an amount in controversy in excess of the sum of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest, thereby giving this Court jurisdiction over this matter.

30. This Court further has jurisdiction over Plaintiffs' claims as they involve claims arising exclusively under Nevada statutes and CLARK COUNTY Ordinances.

31. Venue is proper because injuries to Plaintiffs occurred in Clark County, Nevada and because Defendants committed unlawful acts and conducted their unlawful practices in Clark County, Nevada.

## FACTUAL ALLEGATIONS

32. In Nevada and in Clark County, a "Combined Transient Lodging Tax" is imposed in connection with the sale or rental of "Transient Lodging" in "Transient Lodging Establishments" to "any individual natural person who has or shall have the right of occupancy to any sleeping room/space in a transient lodging establishment for thirty consecutive days or less" pursuant to Clark County Code 4.08, *et seq.* and Nevada Revised Statute 244A, 244.335, *et seq.*

33. The combined transient lodging tax is calculated as a percentage of gross rental receipts and ranges between 10.5% and 13.38%.

34. The "Rent" upon which the Combined Transient Lodging Tax is imposed is defined as "the amount charged for a sleeping room/space in a transient lodging establishment, valued in money, whether received in money or otherwise, and including the following, regardless of whether separately stated:

> (i) Charges that would normally be part of an all inclusive room rate, such as, but not limited to, payment processing fees, check-in fees, accommodation fees, facility fees, access fees, charges for additional guests, late check-out fees, and utility surcharges;
>
> (ii) Charges applicable to cleaning and readying such room/space for occupancy including, but not limited to, linen fees, cleaning fees, and non-refundable deposits;

(iii) Charges for rental of furnishings and appliances including, but not limited to, cribs, rollaways, refrigerators, televisions, microwaves, and in-room safes;

(iv) Room charges applicable to pets including, but not limited to, non-refundable pet cleaning fees/deposits;

(v) Charges associated with attrition, cancellation, late arrival, or failure to occupy a room, including, but not limited to, attrition fees, cancellation fees, late arrival fees, early departure fees, and no-show fees;

(vi) Reimbursements received for use of a sleeping room/space under incentive programs, such as, but not limited to, frequent guest programs or rewards programs;

(vii) The value of a sleeping room/space included as a component of a package, pursuant to Section 4.08.035;

(viii) ***Any charges for services, amenities, accommodations, or use, not otherwise specified above, that are mandatory in nature and charged in connection with rental of a sleeping/room space***." See CLARK COUNTY Ordinance 4.08.005(22) (emphasis added).".

35. The transient lodging tax "shall be collected from every operator in Clark County." See Clark County Ordinance 4.08.010.

36. An "Operator" of a Transient Lodging Establishment is defined as "the person who is the proprietor of a transient lodging establishment, whether in the capacity of owner, lessee, sublessee, mortgagee, licensee, or any other capacity."  Additionally, when the operator/proprietor "performs his or her functions through a managing agent of any type or character other than an employee, the managing agent shall also be deemed an operator for the purposes of this chapter and shall have the same duties and liabilities as his or her principal." See Clark County Ordinance 4.08.005(16).

37.  With respect to Defendants' sale and rental of transient lodging in a transient lodging establishment to transient guests pursuant to the business model set forth in paragraph 3 hereof, Defendants, and each of them, are "managing agents of any type or character" of the operator/proprietor and have the same duties and liabilities as the operator/proprietor in collecting and remitting the Combined Transient Lodging Tax to CLARK COUNTY.

38. With respect to the taxable transaction of selling and renting transient lodging in transient lodging establishments to transient guests, Defendants, and each of them, exercise

judgment and discretion in performing the functions of an operator in connection with, among other things, advertising and marketing of the rooms to transient guests, the amount of rent and other fees to be charged to the transient guests, refund and cancellation policies applicable to the transaction and securing reservations and payment therefore from the transient guests. In fact, from initiation of first contact with the transient guest through completion of the taxable sale/rental transaction, the operator/proprietor is not engaged in the transaction with the transient guest at all and all policies and procedures applied to the transaction are within the control and discretion of Defendants.

39. The combined transient lodging tax imposed by Clark County Ordinances may be collected from the paying transient guests and may be shown as an addition to the rent charged by the transient lodging establishment. However, the operator and/or managing agent of the operator is liable to CLARK COUNTY for the tax whether or not it is actually collected from the paying transient guest. See Clark County Ordinance 4.08.010(c).

40. On information and belief, the Defendants charge and collect from transient guests the Combined Transient Lodging Tax calculated as a percentage of the full retail price Defendants charge transient guests for their rooms.

41. Regardless of whether Defendants actually charge and receive from transient guests the full amount of the Combined Transient Lodging Tax calculated as a percentage of the full retail price Defendants charge transient guests for their rooms, CLARK COUNTY is owed the full amount of the Combined Transient Lodging Tax calculated as a percentage of the full retail price Defendants charge transient guests for their rooms.

42. Operators/proprietors and Defendants, as managing agents therefore, are liable to CLARK COUNTY for the full amount of the Combined Transient Lodging Tax calculated as a percentage of the full retail price Defendants charge transient guests for their rooms, whether paid for by transient guests or not.

43. Pursuant to the business model set forth in paragraph 3 hereof, Defendants have been remitting to operators/proprietors only that portion of the Combined Transient Lodging Tax

which was calculated as a percentage of the discounted wholesale price Defendants pay to operators/proprietors rather than the full retail price charged to transient guests and paid to Defendants.

44. Pursuant to the business model set forth in paragraph 3 hereof, operators/proprietors have remitted to CLARK COUNTY only that portion of the Combined Transient Lodging Tax they have received from Defendants which was calculated as a percentage of the discounted wholesale price Defendants pay to operators/proprietors.

45. Defendants directly remit no Combined Transient Lodging Tax to CLARK COUNTY in connection with the sale or rental of transient lodging in transient lodging establishments to transient guests.

46. As a result of the business model utilized by Defendants as set forth in paragraph 3 hereof, CLARK COUNTY has, for a period of time presently unknown to Plaintiff, been deprived of receiving million of dollars in Combined Transient Lodging Taxes.

47. Upon information and belief, ultimate recipients of the Combined Transient Lodging Tax collected within unincorporated Clark County include the Las Vegas Convention and Visitors Authority, the Clark County School District, local transportation districts, the Nevada Department of Tourism, the state of Nevada general fund, the State Supplemental School Fund, and the Clark County General Fund.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

48. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-47 as if fully set forth herein.

49. NRS 30.040(1) provides that "[a]ny person interested under a deed, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.

50. CLARK COUNTY maintains as follows:

   a. Clark County Code 4.08, *et seq.* and Nevada Revised Statute 244A, 244.335, *et seq.* establishes a Combined Transient Lodging Tax which requires the tax be imposed and remitted based upon the full amount of retail rent charged by Defendants to transient guests purchasing transient lodging from them pursuant to the business model set forth in paragraph 3 hereof;

   b. With respect to the taxable transaction of purchasing or renting transient lodging from Defendants pursuant to the business model set forth in paragraph 3 hereof, Defendants are "managing agents of any type or character" of the hotel operators within the meaning of relevant Ordinances; and,

   c. With respect to the taxable transaction of purchasing or renting transient lodging from Defendants pursuant to the business model set forth in paragraph 3 hereof, Defendants are liable for payment of the Combined Transient Lodging Tax based upon the full amount of retail rent charged by Defendants to transient guests to the same extent as operators.

51. CLARK COUNTY seeks a judicial declaration of its rights consistent with its oposition as set forth in paragraph 50 hereof.

52. NRS 30.130 provides, in relevant part, that "all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

53. Defendants herein dispute the interpretation of Nevada statutes and ordinances as set forth in paragraph 50 hereof and are the subject of the relief requested herein. Thus, there is a justiciable controversy ripe for adjudication between the parties.

54. As a result of the actions, practices and course of conduct of Defendants, Plaintiff has been compelled to retain the services of an attorney for the protection of its interests.

## SECOND CLAIM FOR RELIEF

### (Violation of CLARK COUNTY Ordinances)

55. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-54 as if fully set forth herein.

56. Clark County Ordinances 4.08 et. seq. require Defendants to remit to CLARK COUNTY a Combined Transient Lodging Tax based upon the full amount of retail rent charged by Defendants to transient guests purchasing transient lodging from them pursuant to the business model set forth in paragraph 3 hereof.

57. Defendants have failed to remit the amount of Combined Transient Lodging Tax due to CLARK COUNTY on account of Defendants' sale or rental of transient lodging in transient lodging establishments to transient guests as more fully set forth hereinbefore.

58. As a direct and proximate result of Defendants' failure to remit the Combined Transient Lodging Tax to Plaintiff when due, Plaintiff has been damaged in an amount in excess of fifteen thousand dollars ($15,000.00) subject to proof at trial.

59. As a result of the actions, practices and course of conduct of Defendants, Plaintiff has been compelled to retain the services of an attorney for the protection of its interests

## THIRD CLAIM FOR RELIEF

### (Conversion)

60. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-59 as if fully set forth herein.

61. The Combined Transient Lodging Tax from the sale or rental of transient lodging by Defendants is due and payable to CLARK COUNTY on the first day of each month for transactions consummated in the preceding month. Clark County Ordinance 4.08.055.

62. As of, at least, the date the Combined Transient Lodging Tax is due and payable to CLARK COUNTY, Plaintiff has the right to the immediate possession of the money representing the taxes due and owing.

63. In failing to remit the Combined Transient Lodging Tax to CLARK COUNTY as required, Defendants wrongfully exercised dominion and control over the monies belonging to CLARK COUNTY thereby depriving Plaintiff of the use and the benefit thereof.

64. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and will continue to suffer monetary damages in excess of in excess of fifteen thousand dollars ($15,000.00) subject to proof at trial.

65. In converting these monies, Defendants acted wantonly, willfully, and in knowing disregard of the rights of Plaintiff. Accordingly, an award of punitive damages is appropriate in an amount subject to proof at trial.

66. As a result of the actions, practices and course of conduct of Defendants, Plaintiff has been compelled to retain the services of an attorney for the protection of its interests

## FOURTH CLAIM FOR RELIEF

### (Breach of Fiduciary Duty)

67. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-66 as if fully set forth herein.

68. The Combined Transient Lodging Tax constitutes the money and property of CLARK COUNTY, at least, as of the time it becomes due and payable to CLARK COUNTY and/or, alternatively, when it is collected from Defendants' customers as part of the sales or rental transaction.

69. In that Defendants are holding the money and property belonging to CLARK COUNTY and have collected the tax due from its customers in the transient lodging transaction, Defendants stand in a fiduciary relationship with CLARK COUNTY as to the amount of taxes due and owing and/or collected from its customers.

70. Defendants owe CLARK COUNTY the duty to safeguard and remit as required the money and property of CLARK COUNTY that it is holding in its possession.

71. Defendants have breached the fiduciary duty it owes CLARK COUNTY by,

among other things, failing to safeguard, account for and/or remit the Combined Transient Lodging Tax as and when due.

72. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and will continue to suffer monetary damages in excess of  in excess of fifteen thousand dollars ($15,000.00) subject to proof at trial.

73. Defendants acted wantonly, willfully, and in knowing disregard of the rights of Plaintiff.  Accordingly, an award of punitive damages is appropriate in an amount subject to proof at trial.

74. As a result of the actions, practices and course of conduct of Defendants, Plaintiff has been compelled to retain the services of an attorney for the protection of its interests

### FIFTH CLAIM FOR RELIEF
### (Unjust Enrichment)

75. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-74 as if fully set forth herein.

76. In retaining and failing to remit the Combined Transient Lodging Tax as described herein, Defendants have obtained a benefit that in equity and good conscience they should not have obtained or possessed because the benefits rightfully belonged to Plaintiff.

77. Defendants are liable to Plaintiffs under the doctrine of unjust enrichment for full amount of taxes collected, plus interest and penalties.

78. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and will continue to suffer monetary damages in excess of  in excess of fifteen thousand dollars ($15,000.00) subject to proof at trial.

79. Defendants acted wantonly, willfully, and in knowing disregard of the rights of Plaintiff.  Accordingly, an award of punitive damages is appropriate in an amount subject to proof at trial.

80. As a result of the actions, practices and course of conduct of Defendants, Plaintiff has been compelled to retain the services of an attorney for the protection of its interests

## FIFTH CLAIM FOR RELIEF
### (Constructive Trust)

81. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-80 as if fully set forth herein.

82. At all relevant times, Plaintiff's monies were in the possession and under the control of Defendants. Defendants have taken this property for their own use and benefit, thereby depriving Plaintiffs of the use and benefit thereof. Plaintiffs have been damaged by their failure to receive the monies.

83. The retention of monies by Defendants would be inequitable.

84. By virtue of Defendants' actions, Defendants hold these funds as constructive trustees for the benefit of CLARK COUNTY. The existence and imposition of a constructive trust is essential to the effectuation of justice. The Plaintiff requests an order that Defendants be directed to give possession thereof to Plaintiff.

85. As a result of the actions, practices and course of conduct of Defendants, Plaintiff has been compelled to retain the services of an attorney for the protection of its interests

## SIXTH CLAIM FOR RELIEF
### (Consumer Fraud/Violation Of Nrs 598
### Deceptive Trade Practices Act)

86. Plaintiffs re-allege and incorporate the allegations set forth above as though fully alleged herein.

87. The business model utilized by Defendants as set forth in paragraph 3 hereof combined with Defendants' method of invoicing customers is inherently deceptive and is intended to and does obscure the amount of "Rent" charged for transient lodging in Clark County, Nevada as well as the amount of taxes and other fees charged and collected by Defendants.

88. Knowing that taxable "Rent" for transient lodging means the full amount charged for a sleeping room/space in a transient lodging establishment" and expressly includes charges that are "mandatory in nature and charged in connection with rental of a sleeping/room space,"

Defendants nonetheless utilize a business model that falsely reports to CLARK COUNTY and other governmental bodies collecting a Combined Transient Lodging Tax that the "Rent" is the discounted wholesale amount charged to Defendants by the operator rather than the retail "Rent" paid by transient guests.

89. On information and belief, Defendants standard practice is to invoice its retail customers showing only two line items as follows: (1) Room rate and (2) Taxes and other fees.

90. In lumping taxes together in a single line item with taxes and other fees, Defendants disguise from both government bodies, including CLARK COUNTY, and Defendants' customers the actual amount of room taxes the customer is paying for. Said practice also disguises the amount and nature of the additional fees being charged.

91. NRS 41.600(2) defines "consumer fraud" as "(e) a deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive."

92. Defendants, as previously alleged, performed acts and omitted performing acts, which constitute an unfair trade practice under one or more provisions of NRS 598.0903, *et seq.*, including but not limited to NRS 598.0915(13) and (15). More specifically, the business model utilized by Defendants as set forth in paragraph 3 hereof combined with Defendants' method of invoicing customers constitutes (a) the making of misleading statements of fact concerning the price of goods or services for sale or lease, or the reasons for, existence of or amounts of price reductions" pursuant to NRS 598.0915(13) and/or (b) knowingly making any other false representation in a transaction pursuant to NRS 598.0915(15).

93. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and will continue to suffer monetary damages in excess of in excess of fifteen thousand dollars ($15,000.00) subject to proof at trial.

94. Defendants acted wantonly, willfully, and in knowing disregard of the rights of Plaintiff. Accordingly, an award of punitive damages is appropriate in an amount subject to proof at trial.

95. As a result of the actions, practices and course of conduct of Defendants, Plaintiff has been compelled to retain the services of an attorney for the protection of its interests

WHEREFORE, Plaintiff CLARK COUNTY requests that judgment be entered as follows:

1. That a judgment be entered in favor of Plaintiff CLARK COUNTY;
2. That the Court issue a Declaratory Judgment consistent with the matters set forth herein;
3. For compensatory damages in an amount in excess of Fifteen Thousand Dollars subject to proof at trial;
4. For punitive damages in an amount subject to proof at trial;
5. For imposition of a constructive trust;
6. For costs of suit and reasonable attorney's fees; and,
7. For such additional or alternative relief as this Court deems appropriate under the circumstances.

Respectfully Submitted this 14th day of May, 2020.

**CLARK HILL PLLC**

  /s/ Michael V. Cristalli, Esq.
A. WILLIAM MAUPIN, ESQ. (NSBN 1315)
DOMINIC P. GENTILE, ESQ. (NSBN 1923)
MICHAEL V. CRISTALLI, ESQ. (NSBN 6266)
MARK S. DZARNOSKI, ESQ. (NSBN 3398)
BERT WUESTER, ESQ (NSBN 5556)
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
*Attorneys for Plaintiff*