James J. Pisanelli, Esq., Bar No. 4027
JJP@pisanellibice.com
Todd L. Bice, Esq., Bar No. 4534
TLB@pisanellibice.com
Jordan T. Smith, Esq., Bar No. 12097
JTS@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone:    702.214.2100
Facsimile:    702.214.2101

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CLARK COUNTY, NEVADA, | CASE NO.: 2:21-cv-01328-JCM-VCF |
| Plaintiff, | |
| v. | |
| ORBITZ WORLDWIDE, LLC; ORBITZ, LLC; ORBITZ, INC.; TRAVELSCAPE, LLC; TRAVELOCITY, INC.; CHEAP TICKETS, INC.; EXPEDIA, INC.; EXPEDIA GLOBAL, LLC; HOTELS.COM, LP; HOTWIRE INC.; BOOKING HOLDINGS INC.; PRICELINE.COM, LLC; TRAVELWEB, LLC; TRAVELNOW.COM, INC.; AGODA INTERNATIONAL USA LLC; HOTEL TONIGHT, INC.; HOTEL TONIGHT, LLC; DOES I through XXX, inclusive and ROE BUSINESS ENTITIES I through XXX, inclusive, | **DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULE 12(B)(6)** |
| Defendants. | |

**INTRODUCTION**

At issue in this case is whether the Clark County Combined Transient Lodging Tax ("Lodging Tax") applies to Defendants[1] and the fees they charge for their online travel

---

[1] The "Defendants" are Orbitz Worldwide, LLC, Orbitz, LLC, Orbitz, Inc., Travelscape, LLC, Expedia, Inc., Expedia Global, LLC, Hotels.com, LP, Hotwire Inc., Booking Holdings, Inc., Priceline.com LLC, Travelweb LLC, Agoda International USA LLC, Hotel Tonight, Inc., and Hotel Tonight, LLC. Plaintiff also named Travelocity, Inc., Cheap Tickets, Inc., and

1

reservation facilitation services. Clark County seeks to impose and enforce the Lodging Tax on Defendants pursuant to its first and second claims for relief. In addition, however, Plaintiff attempts to confuse and complicate this straightforward tax case by pleading derivative tort and fraud claims that are fundamentally flawed and implausibly pled. Because the Lodging Tax is a statutory scheme and provides a statutory remedy for allegedly unpaid taxes, Plaintiff is barred from asserting "tag-along" tort and fraud claims which *also* seek to enforce the Lodging Tax.

Moreover, Plaintiff is a taxing authority—not a consumer. Yet it is nonetheless trying to assert consumer claims for which it lacks standing as a clear matter of law. Plaintiff's Nevada Deceptive Trade Practices Act ("NDTPA") claim fails for the simple reason that Clark County was not the victim of any consumer fraud. Relatedly, Clark County does not (and cannot) allege that it relied on any misstatements or deceptive practices to enter into a consumer transaction with Defendants. Indeed, Clark County was not a party to any of the transactions at issue in this case.

Under similar reasoning, Plaintiff's claim for conversion fails because it alleges that Defendants failed to pay taxes that were allegedly due and *not* that they somehow stole specific tax monies from Clark County; as a matter of law, an alleged failure to pay the proper amount of the Lodging Tax is not conversion. As for Plaintiff's remaining claims for breach of fiduciary duty, unjust enrichment, and imposition of a constructive trust, each claim should be dismissed because Plaintiff fails to plausibly plead the necessary elements for each claim, and because Plaintiff otherwise has full and adequate legal remedies available, providing an independent basis for dismissal of the claims seeking equitable relief.

This dispute is a simple one—whether Defendants owe the taxes that Clark County claims or not. Plaintiff's other claims lack legal merit and are also improperly pled. If left to linger in this case, these baseless claims will distract from the real issues in dispute. Accordingly, Defendants respectfully request that the Court grant their motion to dismiss.

---

TravelNow.com, Inc. as defendants but each of those legal entities no longer exist as they were merged into other legal entities. On April 1, 2014, priceline.com Incorporated changed its name to The Priceline Group Inc., and priceline.com LLC assumed the former operations of priceline.com Incorporated as they relate to the merchant model business at issue in this litigation. On February 21, 2018, The Priceline Group Inc. changed its name to Booking Holdings, Inc.

**RELEVANT BACKGROUND**

It is undisputed that this case is about whether the proper amount of the Lodging Tax is being remitted to Clark County. (*See* Compl. ¶ 1, ECF Dkt. 1-1 ("This lawsuit is to recover damages and obtain other relief from Defendants, web-based hotel booking companies, who have knowingly engaged in a common practice/scheme to avoid payment of Nevada's and Clark County's Combined Transient Lodging Tax as required by Nevada law.").) In particular, Plaintiff alleges that, while the Lodging Tax currently is being "calculated as a percentage of the discounted wholesale price" that transient guests pay to "operators/proprietors" for hotel-room reservations facilitated by Defendants (*id.* at ¶ 43), in actuality that tax should be "calculated as a percentage of the full retail price Defendants charge transient guests" for facilitating these room reservations (*id.* at ¶ 41).

Plaintiff further alleges that Defendants act as "managing agents" of hotel "operators/proprietors" and, therefore, "are liable to Clark County for the full amount of the Combined Transient Lodging Tax calculated as a percentage of the full retail price Defendants charge transient guests." (Compl. ¶ 42.) These allegations generally form the basis for the complaint's first claim for relief (seeking a declaratory judgment on the amount that should be taxed and Defendants' liability under the tax) and second claim for relief (seeking damages for Defendants' purported violations of the Lodging Tax). (*Id.* at ¶¶ 48–59.) Neither of these claims are the subject of this motion to dismiss.[2]

Plaintiff has pled no specific factual allegations regarding its additional five claims for relief.[3] Rather, the complaint contains only general allegations about Defendants' business model and operations that go to the first two claims concerning the Lodging Tax (*see* Compl. ¶¶ 32–47 & ¶¶ 48–59), and conclusory allegations that merely parrot the elements of the other purported

---

[2]  To be clear, Defendants forcefully dispute these two claims and assert that Plaintiff's allegations regarding the Lodging Tax lack any and all factual and legal merit. But, as a procedural matter, this issue is not ripe for resolution on a motion on the pleadings, and instead will be the subject of later dispositive motion practice.

[3]  The complaint contains two claims for relief that are labeled as "Fifth Claim for Relief." (*See* Compl. ¶¶ 75–85.)

claims for conversion (*id.* at ¶¶ 60–66), breach of fiduciary duty (*id.* at ¶¶ 67–74), unjust enrichment (*id.* at ¶¶ 75–80), constructive trust (*id.* at ¶¶ 81–85), and consumer fraud under the NDTPA (*id.* at ¶¶ 86–95).

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 633 (2009), and requires more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555. Conclusory allegations of law and unreasonable or unwarranted inferences of fact will not defeat a motion to dismiss. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). In other words, Plaintiff's claim for relief must be "plausible," and not merely "conceivable." *Iqbal*, 556 U.S. at 679, 683.

For fraud claims, such as those brought under the NDTPA, a plaintiff's factual allegations also must meet the heightened standards of Rule 9(b), which requires that "a party must state with particularity the circumstances constituting fraud." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009); *see also Middleton v. Cavalry Portfolio Servs., LLC*, No. 16-1760, 2017 WL 969182, at *3 (D. Nev. Mar. 13, 2017) ("A fraud claim under the NDTPA must meet the heightened pleading requirement under Rule 9(b)."). A plaintiff must allege with specificity the "who, what, when, where, and how" of the fraudulent misconduct. *Vess v. Ciba–Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003). Such allegations should include "more than the neutral facts necessary to identify the transaction," but rather must "set forth what is false or misleading about a statement, and why it is false." *Id.*; *see also Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 668 (9th Cir. 2019) (must allege "specific content of the false representations as well as the identities of the parties" making them).

# ARGUMENT

**I.      Plaintiff's Non-Tax Claims Are Barred Under the Exclusive Remedies Doctrine.**

Plaintiff's first and second claims for relief seek to impose the Lodging Tax on Defendants. The Lodging Tax contains remedies that allow Plaintiff to recover any taxes allegedly due and owing, along with potential interest and penalties, and make Plaintiff whole. *See, e.g.*, Clark County Code §§ 4.08.060 & 4.08.065. What Plaintiff cannot do is make an end-run around its own taxing scheme and remedies, by seeking to enforce the Lodging Tax via "tag-along" tort and fraud claims. But that is precisely what Plaintiff seeks to do in this case, as each of these additional claims *also* seek the recovery of allegedly unpaid taxes.

The exclusive remedies doctrine is well-established in Nevada. That doctrine provides that when a statute creates a remedy, it is exclusive of all common law remedies. *See State v. Nev. Cent. R. Co.*, 26 Nev. 357, 68 P. 294, 295 (1902); *see also Republican Attorneys Gen. Ass'n v. Las Vegas Metro. Police Dep't*, 136 Nev. 28, 31–32, 458 P.3d 328, 332 (2020) (citing *State v. Yellow Jacket Silver Mining Co.*, 14 Nev. 220, 225 (1879)). Nevada also has long held that this doctrine applies in the context of taxing laws, the remedies provided in the applicable taxing ordinances are exclusive, and no other forms of relief are available. *See, e.g.*, *Yellow Jacket*, 14 Nev. at 225 ("The legislature has provided but one method for the collection of delinquent taxes; that method is by suit, and it has provided certain methods of procedure which we claim must be followed by the state to the exclusion of all other methods.");[4] *Nev. Cent.*, 68 P. at 295 ("A remedy is provided by statute for the enforcement of the tax by distress … when a statute creates a right and provides a particular remedy, it is exclusive of all common-law remedies.").

Plaintiff's tort and fraud claims improperly seek to collect the Lodging Tax and are derivative of its tax claims. The wrongdoing alleged in each non-tax claim is the exact same alleged failure to pay taxes that serves as the foundation of the Lodging Tax claims. The damages purportedly suffered are also precisely the same—the alleged loss of tax revenues. As a result, each should be dismissed with prejudice. *Yellow Jacket*, 14 Nev. at 225; *Nev. Cent.*, 68 P. at 295.

---

[4]     *Abrogated on other grounds by Waste Mgmt. of Nev., Inc. v. W. Taylor St., LLC*, 135 Nev. 168, 443 P.3d 1115 (2019).

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

## II. Plaintiff's "Tag-Along" Claims All Fail as a Matter of Law.

Each of Plaintiff's "tag-along" claims should be dismissed for the independent reason that they are not properly pled.

### A. Plaintiff's NDTPA claim should be dismissed.

In a brazen attempt to turn a simple tax dispute into a fraud case, Plaintiff seeks to recover damages for alleged violations of the NDTPA. To establish a violation of the NDTPA, Plaintiff must demonstrate: (1) an act of consumer fraud by Defendants; (2) causation, including a demonstration of reliance by Plaintiff on the alleged act of consumer fraud; and (3) resulting damages to Plaintiff. *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 657–58 (D. Nev. 2009). Plaintiff must prove *it* (*i.e.*, Clark County) is "a victim of consumer fraud" to have statutory standing to pursue a private action under the NDTPA. *Id.* at 657 (quoting NRS 41.600(1)). Plaintiff's NDTPA claim should be dismissed for at least three independent reasons. *First*, Plaintiff lacks standing to assert the claim because Plaintiff is not a "victim" of any "direct harm" incurred due to Defendants' alleged actions. *Second*, Plaintiff's NDTPA claim should be dismissed because Plaintiff does not—and cannot—plausibly allege that it "relied" on any alleged misrepresentation or deceptive act by Defendants, which is a necessary element of the claim. *Third*, Plaintiff's NDTPA claim should be dismissed because Plaintiff's conclusory allegations come nowhere near what is required to meet the heightened pleading standard required by Rule 9(b), and Plaintiff otherwise improperly lumps "the Defendants" together.

#### *1. Plaintiff is not a "victim" of any alleged deceptive act and lacks standing.*

Plaintiff's claim for alleged violations of the NDTPA should be dismissed because Plaintiff is not a "victim" of "direct harm" incurred due to Defendants' alleged actions, and thus Plaintiff lacks standing to pursue the claim. *Del Webb Communities, Inc. v. Partington*, 652 F.3d 1145, 1153 (9th Cir. 2011) (stating a "victim" is one who has suffered "direct harm" resulting from a deceptive act of consumer fraud).[5]

---

[5] A Rule 12(b)(6) motion to dismiss is the proper vehicle to challenge Plaintiff's lack of statutory standing under the NDTPA. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

6

Plaintiff alleges that it was the victim of Defendants' alleged deceptive practices. (Compl. ¶ 93 ("As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer monetary damages . . . ").[6] But Plaintiff cannot be a victim of these alleged practices of Defendants because the complained of conduct was not directed toward Plaintiff. Indeed, rather than establishing statutory standing, Plaintiff's allegations actually demonstrate that Plaintiff is *not* a "victim" of "direct harm" incurred due to Defendants' alleged actions. Those allegations conclusively establish that there were no actions conducted by Defendants directed at Plaintiff with respect to any of the transactions at issue. Instead, as Plaintiff readily admits, the only parties to the relevant transactions at issue were (1) travelers, (2) Defendants, and (3) hotel operators physically located within Clark County.

Notably, Plaintiff fails to allege any sort of connection, communication, or transaction between Defendants and Plaintiff—let alone deceptive conduct by Defendants directed at, or that caused "direct harm" to, Plaintiff. Instead, Plaintiff's "deception" theory rests entirely on the conclusory (and false) assertion that the "Defendants' method of invoicing customers is inherently deceptive" because it allegedly "disguise[s]" from Plaintiff "and Defendants' customers the actual amount of room taxes the customer is paying for." (Compl. ¶¶ 87, 90.) Plaintiff asserts that these alleged business practices constitute unfair trade practices prohibited by NRS 598.0915(13) and (15). (*Id.* at ¶ 92.) Moreover, these allegations make clear that *the display of charges as disclosed on Defendants' invoices to travelers* serves as the alleged basis for the NDTPA claim—not any alleged statement or conduct by Defendants directed at Plaintiff itself. Defendants' display of charges on invoices to travelers does not constitute a deceptive act directed at Plaintiff that somehow resulted in "direct harm" suffered by Plaintiff. The alleged failure to pay Lodging Tax to Plaintiff is not a consumer fraud issue, it is a simple tax claim (which is fully addressed in Plaintiff's first two claims for relief). Because Plaintiff does not—and

---

[6] Plaintiff has not alleged an action on behalf of consumers, not could it as only the Nevada Attorney General, and not a locality like Clark County, may institute an action under the NDTPA on behalf of Nevada consumers. *See* NRS 598.0963.

7

1  cannot—identify any "direct harm" suffered due to Defendants' alleged invoicing practices, it
2  lacks standing to assert the NDTPA claim as a matter of law. *Del Webb*, 652 F.3d at 1153.

3      **2. *Plaintiff fails to assert reliance on an alleged deceptive act by Defendants.***

4    Plaintiff's NDTPA claim should be dismissed for the additional reason that Plaintiff does
5  not (and cannot) allege that it relied on any deceptive act or misrepresentation by Defendants. To
6  state a viable NDTPA claim, Plaintiff must plausibly allege that Defendants' alleged actions
7  caused Plaintiff to be a "victim" who suffered resulting damages. *Picus*, 256 F.R.D. at 658 (citing
8  *Clark Cnty. Sch. Dist. v. Richardson Constr., Inc.*, 123 Nev. 382, 396, 168 P.3d 87, 96 (2007)).
9  To sufficiently plead the causation element of an NDTPA claim, Plaintiff "must allege that it
10 relied on the misrepresentation which caused the harm." *Motogolf.com, LLC v. Top Shelf Golf,*
11 *LLC*, No. 20-0674, 2021 WL 1147149, at *7 (D. Nev. Mar. 25, 2021) (dismissing NDTPA claim
12 for failure to "plausibly allege reliance or causation"); *see also Guerra v. Dematic Corp*, No. 18-
13 0376, 2020 WL 5995496, at *2–3 (D. Nev. Oct. 8, 2020) (holding that a person cannot be a
14 victim of misrepresentation if they did not rely on the misrepresentation in incurring the harm);
15 *Bank of N.Y. Mellon v. Sunrise Ridge Master Homeowners Ass'n*, No. 17-0233, 2020 WL
16 2064065, at *6 (D. Nev. Apr. 28, 2020) (reliance is an element under NRS 598.0915(15)).
17 Plaintiff utterly fails to do this.

18   Plaintiff does not claim that it relied on any alleged misrepresentation or deceptive act
19 taken by Defendants. The entirety of Plaintiff's "deception" theory is the conclusory assertion that
20 the "Defendants' method of invoicing *customers* is inherently deceptive" because it allegedly
21 "disguise[s]" the amount of taxes paid by the traveler. (Compl. ¶¶ 87, 90 (emphasis added).)
22 Plaintiff does not allege that it has actually ever received or seen invoices when they were issued
23 to travelers. Nor does it identify when Plaintiff allegedly became aware of any alleged
24 misrepresentation in Defendants' invoicing. Therefore, Plaintiff does not (and cannot) explain or
25 plausibly allege how it placed any reliance at all on Defendants' alleged display of line-item
26 charges as disclosed *to travelers* when booking reservations through Defendants' websites,
27 particularly when the local hotel operators were clear with the County about its tax remittances.
28

Indeed, a close review of Plaintiff's complaint makes clear that there are no allegations whatsoever about any alleged actions taken by Plaintiff in response to—let alone in reliance on—Defendants' alleged business model or its alleged practices regarding invoicing travelers. As Plaintiff freely admits, Defendants' websites are aimed at travelers looking to book travel, including reservations for hotel rooms (*id.* at ¶¶ 2, 3), not governments allegedly concerned about taxes. Because Plaintiff has not plausibly alleged any reliance on any alleged action taken by Defendants—regardless of whether Defendants' actions allegedly were deceptive (and they were not)—Plaintiff has failed to plead a viable claim under the NDTPA. *Motogolf.com,* 2021 WL 1147149 at *7; *Guerra*, 2020 WL 5995496 at *2–3; *Bank of N.Y. Mellon*, 2020 WL 2064065 at *6. Plaintiff's NDTPA claim should be dismissed.

### 3.   *Plaintiff fails to plead its NDTPA claim with particularity*.

Finally, Plaintiff's NDTPA claim should be dismissed for the additional, independent reason that the allegations in support of the claim fail to meet the heightened pleading standards required under Rule 9(b) to support claims arising from allegedly fraudulent conduct. *Middleton*, 2017 WL 969182 at *3 ("A fraud claim under the NDTPA must meet the heightened pleading requirement under Rule 9(b)."); *Motogolf.com*, 2021 WL 1147149 at *7 (same). To satisfy this heightened standard, Plaintiff's allegations must clearly state "what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106. Plaintiff must also clearly identify "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Depot, Inc.*, 915 F.3d at 668 (cleaned up). But Plaintiff's allegations fall far short of this demanding standard.

Instead, Plaintiff relies exclusively (and improperly) on general allegations of allegedly deceptive conduct by "the Defendants." (*See, e.g.*, Compl. ¶¶ 1, 2, 43, 45, 46, 87, 90, 92 (containing general allegations regarding "the Defendants'" alleged business model for facilitating hotel reservations requested by travelers for hotels in Clark County).) But by relying exclusively on conclusory statements of alleged actions taken by "the Defendants"—without ever

9

identifying any specific allegedly fraudulent action taken by any individual Defendant[7]—Plaintiff fails to identify with specificity the "who, what, when, where, and how" of the alleged fraudulent misconduct. *Vess*, 317 F.3d at 1106. These general allegations of actions taken by "the Defendants" are insufficient to plead a cause of action against Defendants under the plausibility standards of Rule 12(b)(6)—to say nothing of the heightened standards demanded by Rule 9(b). *See Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007) ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud") (cleaned up); *see also Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (general allegations that "lump defendants together" are not sufficient to meet Rule 9(b) or to defeat a motion to dismiss).

Plaintiff's NDTPA claim should be dismissed because Plaintiff failed to specifically identify any allegedly fraudulent action or communication taken by any individual Defendant with respect to any individual transaction facilitated on behalf of travelers seeking hotel reservations at hotels physically located within Clark County.

### B. Plaintiff's conversion claim should be dismissed.

Plaintiff also fails to properly state a cause of action for conversion in its third claim for relief. (*See* Compl. ¶¶ 60–66.) In support of that claim, Plaintiff alleges that the local hotel taxes are "due and payable to Clark County on the first day of each month," that it "has the right to the immediate possession of [this] money," and that Defendants "wrongfully exercised dominion and control over the monies belonging to Clark County thereby depriving Plaintiff of the use and the benefit" of those monies. (*Id.* at ¶¶ 61–63.) In short, this is just another effort to transform a statutory Lodging Tax claim into a tort claim, as these are the same allegations supporting Plaintiff's cause of action for violation of the Lodging Tax. (*See id.* at ¶¶ 55–59.)

---

[7]   Each Defendant that operates an online reservation website has its own unique display and extensive disclosures that are provided to the traveler about the transaction and the amounts charged for the transaction to which the traveler agrees before completing the transaction for the travel reservation.

1  Plaintiff's third claim for relief, based on an alleged failure to pay the proper amount of
2  the Lodging Tax, is not conversion as a matter of law. A claim for conversion under Nevada law
3  requires "a distinct act of dominion wrongfully exerted over another's personal property in denial
4  of, or inconsistent with, his title or rights therein or in derogation, exclusion, or defiance of such
5  title or rights;" it "does not lie against a debtor for refusing to repay his creditor." *WMCV Phase*
6  *3, LLC v. Shushok & McCoy, Inc.*, 750 F. Supp. 2d 1180, 1194–95 (D. Nev. 2010) (cleaned up);
7  *cf. Nev. State Educ. Ass'n v. Clark Cty. Educ. Ass'n*, 137 Nev. Adv. Op. 8, 482 P.3d 665, 675 n.8
8  (2021) ("A party that has a contractual expectation of payment cannot duplicate a breach of
9  contract claim with a conversion claim.") (cleaned up). In other words, conversion is not an
10 appropriate claim for unpaid taxes or any other alleged debt that is not based on the withholding
11 of "specifically identifiable money." *Andrews v. Raphaelson*, 346 F. App'x 198, 199–200 (9th
12 Cir. 2009) (citing *Larson v. B.R. Enters., Inc.*, 104 Nev. 252, 254–55, 757 P.2d 354, 356 (1988));
13 *see also Rupracht v. Union Sec. Ins. Co.*, No. 07-0231, 2011 WL 6109574, at *5 (D. Nev. Dec. 7,
14 2011) (denying conversion claim involving money that was "intermingled" with other funds and
15 was not "specifically identifiable"). Plaintiff's claim for 'conversion' here is nothing more than a
16 claim that Defendants owe Plaintiff a general debt for additional amounts under the Lodging Tax
17 that could be satisfied by the payment of monies from any source or account. Under black letter
18 Nevada law, that is not sufficient to state a proper claim for conversion. As such, the Court should
19 dismiss the cause of action for conversion in the third claim for relief with prejudice.

20  **C.   Plaintiff's breach of fiduciary duty claim should be dismissed.**

21  Plaintiff's breach of fiduciary duty claim fails as a matter of well-established Nevada law
22 because an alleged tax responsible party owes no fiduciary duty to the government. The most
23 fundamental element of a claim for breach of fiduciary duty is the existence of a fiduciary
24 relationship, which may only exist when one of the parties "is under a duty to act for or to give
25 advice for the benefit of another upon matters within the scope of the relation." *Stalk v. Mushkin*,
26 125 Nev. 21, 28, 199 P.3d 838, 843 (2009). Here, Plaintiff alleges that "Defendants stand in a
27 fiduciary relationship with Clark County as to the amount of taxes due and owing and/or
28 collected from its customers." (Compl. ¶ 69.) In other words, according to Plaintiff, the taxes

become money and property of the County when collected or due after the sales or rental transaction (*id.* at ¶ 68), and "Defendants have breached the fiduciary duty [they] owe to Clark County by among other things, failing to safeguard, account for and/or remit the Lodging Tax as and when due" (*id.* at ¶ 71.) The common law is crystal clear, however, that such allegations are insufficient to support a breach of fiduciary duty claim because an alleged taxpayer is not a fiduciary of the government and owes no such duty to it as a matter of law. *See, e.g.*, *Johnson v. Sawyer*, 760 F. Supp. 1216, 1232–33 (S.D. Tex. 1991) ("We have seen no case law to suggest that the concept [of a confidential relationship] embraces relations between a citizen and his government"); *Schaut v. First Fed. Sav. & Loan Ass'n of Chi.*, 560 F. Supp. 245, 246 (N.D. Ill. 1983) (dismissing claim due to lack of fiduciary relationship between taxpayer and government).

When addressing a similar claim for breach of fiduciary duty, the Nevada Supreme Court squarely held there could be no fiduciary duty between the government and a taxpayer because a tax-collection agency was not required to act in the taxpayer's best interest but rather had a duty to act in the best interest of the state, and there was no relationship akin to a familial or business relationship present. *See Franchise Tax Bd. of Cal. v. Hyatt*, 130 Nev. 662, 689, 335 P.3d 125, 143 (2014).[8] *Hyatt*'s reasoning applies here in reverse—*i.e.*, alleged taxpayers have no duty to act in the government's best interest, and there is no close relationship between the Plaintiff and Defendants. There is no special or confidential relationship between the government and its taxpayers, nor do taxpayers hold a dominant position over the government. In fact, the opposite is true, given that the County may wield its police powers as a means of enforcement (as it does here in the first two claims for relief). If accepted, the County's allegations would drastically alter the relationship between county and taxpayer, effectively transforming every tax proceeding into an oppressive tort action where the taxpayer could be subject to punitive damages in addition to tax liabilities and penalties. No law supports Plaintiff's position, and thus the Court should dismiss the fourth claim for relief with prejudice.

---

[8] *Vacated & remanded on other grounds*, 136 S. Ct. 1277 (2016).

### D. Plaintiff's unjust enrichment and constructive trust claims should be dismissed.

Plaintiff's equitable claims for unjust enrichment and the imposition of a constructive trust should be dismissed because: (1) Plaintiff has an adequate legal remedy available for potential recovery; (2) Plaintiff cannot otherwise plausibly plead the necessary elements to support the claims; and (3) a constructive trust claim only exists as an equitable remedy for unjust enrichment, and thus the claim fails and should be dismissed for the same reasons as Plaintiff's unjust enrichment claim.

#### 1. *Plaintiff has adequate legal remedies available.*

In its unjust enrichment claim, Plaintiff seeks to recover from Defendants the "full amount [sic] of taxes collected, plus interest and penalties." (Compl. ¶ 77.) Similarly, in support of its claim for the imposition of a constructive trust, Plaintiff asserts that "Plaintiff's monies"—taxes—allegedly were collected and retained by Defendants, depriving Plaintiff of the use of the money, such that Plaintiff has "been damaged" as a result of Defendants' actions. (*Id.* at ¶ 82.) Plaintiff seeks imposition of a constructive trust so that Defendants would "be directed to give possession [of the allegedly collected taxes] to Plaintiff." (*Id.* at ¶ 83.)

As a result, not only are these claims barred by the exclusive remedies doctrine as set forth in Section I above, but these equitable claims must be dismissed for the independent reason that Plaintiff has an available remedy at law. "The necessary prerequisite for a court to award equitable remedies is the absence of an adequate remedy at law." *Barranco v. 3D Sys. Corp.*, 952 F.3d 1122, 1129 (9th Cir. 2020) (cleaned up). Here, an adequate legal remedy is clearly available to Plaintiff. As a result, Plaintiff's unjust enrichment and constructive trust claims fail and should be dismissed. *Cruz v. Kate Spade & Co.*, No. 19-0952, 2020 WL 5848095, at *4 (D. Nev. Sept. 30, 2020) (dismissing claim for unjust enrichment where companion statutory claims provide a "full and adequate legal remedy at law," stating that "under Nevada law, equitable claims are not available where the plaintiff has a full and adequate remedy at law").

#### 2. *Plaintiff has not plausibly pled a claim for unjust enrichment.*

Plaintiff's unjust enrichment claim should also be dismissed because Plaintiff has not plausibly pled the necessary elements of the claim. In Nevada, the elements of unjust enrichment

are: "[1] a benefit conferred on the defendant by the plaintiff; [2] appreciation of the benefit by the defendant; and [3] acceptance and retention of the benefit by the defendant [4] in circumstances where it would be inequitable to retain the benefit without payment." *Leasepartners Corp. v. Robert L. Brooks Trust*, 113 Nev. 747, 755, 942 P.2d 182, 187 (1997).

Here, Plaintiff does not plausibly allege that Plaintiff "conferred" a "benefit" on Defendants. There is not a single allegation contained in Plaintiff's complaint that suggests—let alone plausibly alleges—that Plaintiff provided any "benefit" to Defendants. This failure, alone, requires the dismissal of the unjust enrichment claim for failure to plausibly plead an entitlement to relief on the cause of action. *Ames v. Caesars Entm't Corp.*, No. 17-2910, 2019 WL 1441613, at *5 (D. Nev. Apr. 1, 2019) (dismissing unjust enrichment claim where plaintiff failed to plausibly plead the required elements of the claim). Instead, Plaintiff relies on the entirely conclusory and unsupported allegation that Defendants "retain[] and fail[] to remit" the taxes at issue in this case, and as a result Defendants allegedly "have obtained a benefit that in equity and good conscience they should not have obtained or possessed." (Compl. ¶ 72.) But generic, unsupported allegations of this nature are insufficient to state a claim. *Sprewell*, 266 F.3d at 988; *Ames*, 2019 WL 1441613, at *5 (dismissing unjust enrichment claim based on conclusory allegations that plaintiff "conferred a financial benefit" on defendant, that defendant "appreciated such benefit," and that defendant "accepted the benefit under circumstances such that it would be inequitable" to retain it) (cleaned up). Plaintiff's claim for unjust enrichment should be dismissed because Plaintiff has not alleged facts sufficient to demonstrate a plausible entitlement to relief under the claim.

### 3. *Plaintiff has not plausibly pled a claim for constructive trust.*

Similarly, Plaintiff's claim for a constructive trust should be dismissed for the additional reason that Plaintiff has not plausibly pled the necessary elements of the claim. In Nevada, the imposition of a constructive trust requires: "(1) that a confidential relationship exists between the parties; (2) retention of legal title by the holder thereof against another would be inequitable; and (3) the existence of such a trust is essential to the effectuation of justice." *Waldman v. Maini*, 124 Nev. 1121, 1131, 195 P.3d 850, 857 (2008) (cleaned up). A confidential relationship exists where

"one party gains the confidence of the other and purports to act or advise with the other's interests in mind." *FDIC v. Kipperman (In re Commercial Money Ctr., Inc.)*, 392 B.R. 814, 831 (9th Cir. BAP 2008) (cleaned up). A failure to plausibly plead the existence of a confidential relationship requires the dismissal of a claim for constructive trust. *Magma Holding, Inc. v. Au-Yeung*, No. 20-0406, 2020 WL 2025365, at *7 (D. Nev. April 26, 2020).

Plaintiff does not plausibly allege that Plaintiff has any sort of relationship with Defendants at all—let alone a "confidential relationship." As discussed above, Plaintiff readily admits that the only parties to the relevant transactions at issue are (1) travelers, (2) Defendants, and (3) the local hotel operators physically located within Clark County, and further that the "Defendants directly remit no [taxes] to Clark County in connection with the sale or rental of transient lodging." (Compl. ¶ 45.) Plaintiff's failure to plead the existence of any relationship between Plaintiff and Defendants, much less the existence of a "confidential relationship," requires the dismissal of a constructive trust claim. *Magma Holding*, 2020 WL 2025365, at *7.

Further, Plaintiff's claim for constructive trust fails for the independent reason that Plaintiff does not allege any facts sufficient to demonstrate that Defendants retain "legal title" to any property or money rightly owned and belonging to Plaintiff. Plaintiff has therefore failed to allege a necessary element of a claim for imposition of a constructive trust, and the claim should be dismissed. *Waldman*, 124 Nev. at 1131.

### 4. *The constructive trust claim is derivative of the unjust enrichment claim.*

Finally, Plaintiff's claim for the imposition of a constructive trust should be dismissed because it is merely an equitable <u>remedy</u> for unjust enrichment, not a standalone independent legal claim. *See, e.g.*, *Waldman*, 124 Nev. at 1132 ("constructive trust as a remedy … redresses unjust enrichment, not wrongdoing") (cleaned up). The Nevada Supreme Court has clarified that it has "at least required unjust enrichment before imposing a constructive trust." *Id.* Because Plaintiff's claim for unjust enrichment fails for the reasons addressed above, Plaintiff's claim for imposition of a constructive trust also fails and should be dismissed.

## CONCLUSION

For the reasons addressed above, Defendants respectfully request that the Court dismiss Claims for Relief III–VII in the Complaint. As any attempt to cure the pleading deficiencies addressed herein would be futile, those claims should be dismissed with prejudice.

RESPECTFULLY SUBMITTED this 13th day of September, 2021

PISANELLI BICE PLLC

By: /s/ Todd L. Bice
James J. Pisanelli, Esq., #4027
Todd L. Bice, Esq., #4534
Jordan T. Smith, Esq., #12097
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of Pisanelli Bice PLLC, and that on this 13th day of September, 2021, I caused to be served a true and correct copy of the above and foregoing **DEFENDANTS' MOTION TO DISMISS THE COMPLAINT** via the Court's CM/ECF service system to:

A. Williams Maupin, Esq.
Dominic P. Gentile, Esq.
Michael V. Cristalli, Esq.
Mark S. Dzarnoski, Esq.
Bert Wuester, Esq.
CLARK HILL PLLC
3800 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169

          /s/ Shannon Dinkel
An employee of PISANELLI BICE PLLC