UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CLARK COUNTY, NEVADA, | Case No. 2:21-CV-1328 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| ORBITZ WORLDWIDE, LLC, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Clark County, Nevada's ("Clark County")[1] motion to remand. (ECF No. 9). Defendants Orbitz Worldwide, LLC, Orbitz, LLC, Orbitz, Inc., Travelscape, LLC, Travelocity, Inc., Cheap Tickets, Inc., Expedia, Inc., Expedia Global, LLC, Hotels.com LP, Hotwire, Inc., Booking Holdings, Inc., Priceline.com LLC, Travelweb LLC, Travelnow.com, Inc., Booking.com USA LLC, Hotel Tonight, Inc., Hotel Tonight, LLC, Tripadvisor, LLC, Tripadvisor, Inc., Trip.com, Inc., Remark Holdings, Inc. (collectively "defendants") filed a response, (ECF No. 11), to which Clark County replied. (ECF No. 12).

**I.  Background**

The instant action arises from a qui tam civil action against several "web-based hotel booking companies" who allegedly engaged in a "common practice/scheme" to avoid payment of a state and county combined transient lodging tax. (ECF No. 1-1 ¶ 1). On May 14, 2021, Clark County filed its complaint in Nevada State Court. (ECF No. 1-1).

Following the complaint being served, defendants removed this case based on diversity jurisdiction. (ECF No. 1). Clark County now moves to remand, refuting defendants' claim that

---

[1] This a qui tam action as authorized by Nevada Revised Statute 357.080, which allows a private action for a violation of NRS 357.040.

James C. Mahan
U.S. District Judge

1   diversity exists in the present case.  (ECF No. 9).  Defendants filed an opposition to the motion
2   to remand (ECF No. 11), to which Clark County replied.  (ECF No. 12).

3   **II.     Legal Standard**

4       **A.  Removal and Remand**

5   "'Federal courts are courts of limited jurisdiction,' possessing 'only that power
6   authorized by Constitution and statute.'"  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting
7   *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  Pursuant to 28 U.S.C. §
8   1441(a), "any civil action brought in a State court of which the district courts of the United States
9   have original jurisdiction, may be removed by the defendant or the defendants, to the district
10  court of the United States for the district and division embracing the place where such action is
11  pending."  28 U.S.C. § 1441(a).  "A federal court is presumed to lack jurisdiction in a particular
12  case unless the contrary affirmatively appears."  *Stock West, Inc. v. Confederated Tribes of
13  Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989).

14  Upon notice of removability, a defendant has thirty days to remove a case to federal court
15  once he knows or should have known that the case was removable.  *Durham v. Lockheed Martin
16  Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)).  Defendants are not
17  charged with notice of removability "until they've received a paper that gives them enough
18  information to remove."  *Id.* at 1251.

19  Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's
20  receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts
21  necessary for federal court jurisdiction."  *Id.* at 1250 (quoting *Harris v. Bankers Life & Cas. Co.*,
22  425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)).  "Otherwise, the thirty-day clock
23  doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order
24  or other paper' from which it can determine that the case is removable.  *Id*. (quoting 28 U.S.C. §
25  1446(b)(3)).

26  A plaintiff may challenge removal by timely filing a motion to remand.  28 U.S.C. §
27  1447(c).  On a motion to remand, the removing defendant faces a strong presumption against
28  removal, and bears the burden of establishing that removal is proper.  *Sanchez v. Monumental*

James C. Mahan
U.S. District Judge

- 2 -

*Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

### B. Diversity Jurisdiction

For diversity jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089 (9th Cir. 2003). The parties must be diverse at the time the lawsuit is commenced. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 429 (1991). A removing defendant has the burden to prove by a preponderance of the evidence that the jurisdictional amount is met. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996).

## III. Discussion

### A. Diversity of Parties

Counties are citizens of the state where the county is situated. *Moor v. Alameda Cnty.*, 411 U.S. 693, 721 (1973). Plaintiff Clark County is an undisputed citizen of Nevada. (s*ee* ECF Nos. 1 at 3, 9 at 5). A corporation is a citizen of every state and foreign state where it is incorporated and has a principal place of business. 28 U.S.C. § 1332(c)(1). An LLC, on the other hand, is a citizen of every state where its owners/members are citizens. *Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The crux of the citizenship diversity dispute here surrounds whether Travelocity, Inc.—a former Nevada corporation that merged into Travelscape, LLC in 2015[2]—is a properly joined defendant that defeats diversity. (ECF No. 9 at 5).

Clark County does not refute the merged status of Travelocity, Inc. but instead avers that despite the merger, Travelocity, Inc. confusingly avails itself as an entity in both present and other court proceedings.[3] Accordingly, Clark County contends that the determination of

---

[2] Online filings with the Nevada Secretary of State provided by defendants in their petition for removal show the merger occurred on January 20, 2015. (ECF No. 1-3 at 7). These filings also display the new LLC's officials as Washington residents. *Id.* at 3.

[3] Clark County refers often in its motion to remand (ECF No. 9) to a "companion case" in state court which involves similar defendants. *State of Nevada Ex. Rel. Mark Fierro and Sig Rogich v. Orbitz Worldwide, LLC et al.*, Case No. A-20-814111-C. ("companion case").

**James C. Mahan**
**U.S. District Judge**

- 3 -

Travelocity, Inc. as a properly named defendant "should be made in the first instance in state court." (ECF No. 9 at 2). The court disagrees.

The articles of merger for Travelocity, Inc. clearly show that in 2015 it merged with Travelscape, LLC, which was to be the surviving entity. (ECF No. 11-2). Further, public filings for Travelocity, Inc. with the Nevada Secretary of State show the entity as "merged." (ECF No. 1-3 at 7). It is well established that a company that merges into another company "adopts the citizenship of the merged company for diversity purposes." *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1046 n.75 (C.D. Cal. 2012); *accord Meadows v. Bicrodyne Corp.*, 785 F.2d 670, 672 (9th Cir. 1986). Defendants aver that Travelocity, Inc. therefore adopts the citizenship of Travelscape, LLC and is considered a citizen of Washington for diversity purposes, and the court agrees absent a showing to the contrary. (ECF No. 1 ¶ 6(f)).

Clark County filed this state court action on May 14, 2021, six years after the Travelocity, Inc./Travelscape, LLC merger, (ECF No. 1 at 2), and does not contend in any of its filings before the court that Travelscape, LLC maintains any members or owners who are citizens of Nevada. (*see* ECF Nos. 9 and 12). The complaint lists the nonexistent merged entity Travelocity, Inc. as an initially named defendant in error. (ECF No. 1-1 at 1).

Beginning with its petition for removal and continuing with the certification of interested parties and statement regarding removal, defendants have consistently disclaimed and held out Travelocity, Inc. as a merged entity that "no longer maintains a separate or distinct corporate legal identity." (*see* ECF Nos. 1, 3, and 6). Clark County offers no persuasive evidence to contradict these clear assertions.[4] Clark County merely reiterates the incorrect assumption that Travelocity, Inc. is an existing Nevada corporation, which defeats complete diversity. This

---

[4] Clark County's primary argument that Travelocity, Inc. is indeed still active, therefore defeating diversity, is limited to the fact that Travelocity (as lumped together with the other 16 defendants) retained counsel to file the notice of removal and engage in responsive pleadings. Since Clark County named Travelocity, Inc. in the original lawsuit, the court is perplexed as to how its subsequent responses on behalf of its merged entity counsel effectively implicate Travelocity, Inc. as an *active* party in the complaint. As stated *supra*, according to the papers before the court, defendants regularly and consistently held out that Travelocity is *not* a distinct, corporate legal entity in any subsequent pleadings. (ECF Nos. 1, 3, and 6).

**James C. Mahan**
**U.S. District Judge**

- 4 -

assumption is easily dispelled by a public search of Nevada Secretary of State records.[5]

Accordingly, the court finds that complete diversity existed at the time the complaint was filed and removal effected. *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131-32 (9th Cir. 2002). The court also finds that defendants provided sufficient grounds for removal in their "short and plain statement" contained within the notice of removal in ECF No. 1. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 83 (2004).

### B. Amount in Controversy

When the parties contest the allegations regarding the amount in controversy, both sides must submit proof and the court then decides on preponderance of the evidence. *Dart Cherokee*, 574 U.S. 81, 88 (2014). The notice of removal requires a plausible allegation that the amount in controversy exists but when plaintiff contests, evidence is needed. *Id.* at 89.

The amount in controversy is measured in the value of the object of litigation. *Hunt v. Washington State Apple Advert. Com'n*, 432 U.S. 333, 347 (1977). It is the amount at stake in the underlying litigation assessed at the time of removal. *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018). The damages calculated may derive from the complaint when the complaint is accepted as true. *See Do v. First Fin. Sec., Inc.,* 694 Fed. Appx. 481 (9th Cir. 2017); *Henry v. Central Freight Lines, Inc.*, 692 Fed. Appx. 806 (9th Cir. 2017). Damages may be aggregated if the plaintiff's claims are common and undivided so that defendants' liability is joint, not several. *Libby, McNeill, & Libby v. City Nat. Bank*, 592 F.2d 504, 510 (9th Cir. 1978).

Clark County contends that its complaint does not facially support a finding of the amount in controversy being met to establish diversity jurisdiction. The court disagrees.

To be sure, Clark County's initial complaint expressly states: "This civil action arises from actions occurring within County of Clark, State of Nevada, involving an amount in controversy in excess of the sum of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest..." (ECF No. 1-1 ¶ 29). From this, Clark County contends it is suing defendants severally. Based on a plain reading of the complaint, however, it is uncertain whether Clark County is in fact suing defendants severally or jointly, and therefore whether the court should

---

[5] https://esos.nv.gov/EntitySearch/OnlineEntitySearch

**James C. Mahan**
**U.S. District Judge**

aggregate damages. For example, the complaint speaks of a "common scheme" "depriving [Clark County] of receiving millions of dollars in combined transient lodging taxes," *Id.* ¶ 46, while concurrently holding out a demand of only $15,000 from the "civil action" generally. *Id.* ¶ 29. Clark County simply argues that because its complaint so-states, the court should find the amount in controversy will not exceed $75,000. The court is not prepared to do this.

First, by its own admission Clark County pleaded in its original complaint that it was being deprived of "millions of dollars" in lodging taxes. *Id.* ¶ 46. Second, even if the court agrees with Clark County that the suit is targeted at defendants severally, not jointly—and therefore damages not aggregated—Clark County expressly requested punitive damages in four of its six claims for relief. *Id.*

Courts can consider punitive damages in determining the amount in controversy when a plaintiff can recover punitive damages as a matter of law, as is the case here. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *see also* Nev. Rev. Stat. 42.005(1). Pursuant to NRS 42.005, punitive damages are either "three times the amount of compensatory damages awarded to the plaintiff if the amount of compensatory damages is $100,000 or more" *or "three hundred thousand dollars if the amount of compensatory damages awarded to the plaintiff is less than $100,000.*" (emphasis added). Thus, if the compensatory damages are below $100,000, as Clark County contends in its complaint, a punitive damages award could amount to $300,000 per defendant—well above the $75,000 threshold. This is to say nothing of the potential attorney's fees at stake, which Clark County also expressly asks for in its complaint and which the court may consider in determining amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).[6]

Based on the proof submitted by the parties, the court finds that defendants have shown by a preponderance of the evidence that it is "more likely than not" that the amount in controversy in the instant case will exceed $75,000.

---

[6] Because the amount in controversy point is well proven based on these considerations, the court does not weigh in on the additional evidence of media reports showing Clark County's counsel making public statements that this case "could be worth hundreds of millions of dollars" in damages. (ECF 11-1, Associated Press Article: *Las Vegas Strip Jurisdiction Joins Travel Firms' Taxes Fight*).

**James C. Mahan**
**U.S. District Judge**

**IV     Conclusion**

Accordingly, and pursuant to the foregoing,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff Clark County's motion to remand (ECF No. 9) be, and the same hereby is, DENIED.

DATED October 6, 2021.

_____
UNITED STATES DISTRICT JUDGE