UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CLARK COUNTY, NEVADA, | Case No. 2:21-CV-1328 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| ORBITZ WORLDWIDE, LLC, et al., | |
| Defendant(s). | |

Presently before the court is defendants Orbitz Worldwide, LLC; Orbitz, LLC; Orbitz, Inc.; Travelscape, LLC; Travelocity, Inc.; Cheap Tickets, Inc.; Expedia, Inc.; Expedia Global, LLC; Hotels.com, LP; Hotwire Inc.; Booking Holdings Inc.; Priceline.com, LLC; Travelweb, LLC; TravelNow.com, Inc.; Agoda International USA LLC; Hotel Tonight, Inc.; and Hotel Tonight, LLC ("defendants")'s motion for summary judgment. (ECF No. 42). plaintiff Clark County, Nevada ("plaintiff") responded. (ECF No. 42). Defendants replied. (ECF No. 56).

Also before the court is defendants' motion to seal exhibits to declarations in the motion for summary judgment. (ECF No. 44). Plaintiff has not responded, and the time to do so has passed.

**I.     INTRODUCTION**

Plaintiff filed this action in state court to recover allegedly unpaid taxes from various online travel companies. (ECF No. 1-1). Defendants timely removed to this court on July 13, 2021. (ECF No. 1). Plaintiff brings xx claims for relief: declaratory judgment, violation of Clark County ordinances, conversion, breach of fiduciary duty, and unjust enrichment.[1] (ECF No. 1-1).

---

[1] Plaintiff's complaint also included claims of relief for constructive trust and violation of deceptive trade practices, but the court dismissed these claims. (ECF Nos. 1-1, 62).

**James C. Mahan**
**U.S. District Judge**

The following facts are undisputed. In Clark County, Nevada, pursuant to the Clark County Code ("CCC"), a "combined transient lodging tax" is imposed with the sale or rental of "transient lodging" to "any individual natural person who has or shall have the right of occupancy to any sleeping room/space in a transient lodging establishment for thirty consecutive days or less" (the "lodging tax"). CCC 4.08 *et seq.*; NRS §§ 244A, 244.335, *et seq*. The "rent" upon which the combined transient lodging tax is imposed is "the amount charged for a sleeping room/space…and including…[a]ny charges for services, amenities, accommodations or us…that are mandatory in nature and charged in connection with a rental of a sleeping/room space." CCC § 4.08.005.

The state statute that enabled Clark County to start levying the lodging tax is Nevada Revised Statue ("NRS") § 224.3351. It permits a board of county commissioners to impose certain tax "upon all persons in the business of providing lodging." NRS § 224.3351.

Lodging tax is collected from operators in Clark County. An operator of a transient lodging establishment is "the person who is the proprietor of a transient lodging establishment, whether in the capacity of owner, lessee, sublessee, mortgagee, licensee, or any other capacity." CCC § 4.08.005. A managing agent who is not an employee can be deemed an operator when the operator/proprietor "performs his or her functions through [the] managing agent." CCC § 4.08.005.

The defendants who operate as online travel companies have contracts with hotels—a type of transient lodging establishment—in Clark County and develop, maintain, and own websites that facilitate online travel reservations between hotels and individuals. Defendants employ the "merchant model," wherein they charge their customers the amount that will be paid to the hotel in addition to certain costs and services of the defendant. They do not own or provide any lodging establishments.

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

**James C. Mahan**
**U.S. District Judge**

- 2 -

For purposes of summary judgment, disputed factual issues should be construed in favor of the nonmoving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to withstand summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a dispute of material fact conclusively in its favor. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.*

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby*,

**James C. Mahan**
**U.S. District Judge**

*Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

The Ninth Circuit has held that information contained in an inadmissible form may still be considered for summary judgment if the information itself would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.")).

### III. DISCUSSION

Defendants contend plaintiff does not have authority to levy the lodging tax against them because defendants are not "persons in the business of lodging." (ECF No. 42); *see* NRS 244.3351. "In Nevada's jurisprudence, the Nevada Supreme Court has adopted and applied Dillon's Rule to county, city and other local governments." NRS § 268.007(2). Dillon's Rule states a local government has "only those powers (1) expressly granted to it by the Nevada constitution, statute, or city charter; (2) necessarily or fairly implied by the express powers; or (3) 'necessary or proper to address matters of local concern for the effective operation of city government.'" *Endo Health Sols., Inc. v. Dist. Ct. for Cnty. of Washoe*, 492 P.3d 565, 568 (Nev. 2021)(en banc)(citing NRS § 268.0035(1)).

The county levies the lodging tax pursuant to authority expressly granted to it by Nevada statute, namely NRS § 244.3351. Thus, the local ordinance must be interpreted in the context of the enabling state statute. *See Boulware v. State, Dep't Human Res.*, 737 P.2d 502, 502 (Nev. 1987 (holding the empowered entity cannot act outside the meaning and intent of the enabling statute).

Plaintiff cites to NRS § 244.33565(1) alleging that it grants to each board of county commissioners the power to define the term "transient lodging" for the purposes of taxation. (ECF No. 53). That power, plaintiff contends, necessarily grants the power to define persons who are "'in the business of providing lodging' within the meaning of NRS Chapter 244." (*Id.*). However, this contradicts legislative intent and advisory opinions directly relevant to the enabling statute NRS § 244.3351 as well as general statute interpretation.

**James C. Mahan**
**U.S. District Judge**

- 4 -

Optional tax imposed under the enabling statute is to be imposed in the same way as the mandatory tax in NRS § 244.3352. NRS § 244.3351; 1997 Nev. Op. Att'y Gen. 11, 1997 WL 73718, at *3. NRS § 244.3352(3) provides lodging tax imposes tax liability on "[t]he person providing the transient lodging" regardless of whether it is collected from the paying guest. It follows that tax liability under the enabling statute is imposed on the person providing the lodging. The question thus becomes whether defendants are considered persons who provide lodging.

The court finds they are not. The parties do not dispute that defendants serve as intermediaries between transient lodging establishments and do not own or provide lodging.

Plaintiff nevertheless argues defendants are—or at least there is a genuine issue of material fact as to whether defendants are—operators as defined in the local ordinance. (ECF No. 53). The court finds they are not. The parties do not dispute defendants do not own the transient lodging establishments and thus defendants cannot be a proprietor thereof. Further, defendants enter contracts with hotels and other transient lodging establishments and specifically and expressly state that the establishments own, operate, and/or manage lodging, and defendants are not responsible for, and are actually precluded from, exercising any power over the operations and management of hotels. (*See* ECF Nos. 42-4, 42-5, 42-6, 42-7).

Thus, reading the local ordinance in this context, defendants cannot be considered "operators" or "managing agents" of transient lodging establishments. *See* CCC § 4.08 *et seq.* Necessarily, they cannot be liable for lodging tax. *See* CCC § 4.08 *et seq.* ("Payment of the combined transient lodging tax by this chapter shall be due *from the operator*…" (emphasis added)).

There is no genuine issue of material fact present in this matter, and accordingly, summary judgment is appropriate. *See* Fed. R. Civ. P. 56.

Finally, defendants seek to file certain exhibits to their motion under seal. These documents are subject to a protective order issued by Magistrate Judge Ferenbach. (ECF No. 36). Thus, good cause appearing, the court grants defendants' motion to file under seal. (*See* ECF No. 44).

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

**CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for summary judgment (ECF No. 42) be, and the same here by is, GRANTED.

IT IS FURTHER ORDERED that defendants' motion to seal (ECF No. 44) is GRANTED.

The clerk of the court is instructed to enter judgment in favor of defendants and close this case.

DATED March 31, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**