UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CLARK COUNTY, NEVADA, | Case No. 2:21-CV-1328 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| ORBITZ WORLDWIDE, LLC, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Clark County's motion for reconsideration (ECF No. 91) of this court's order granting summary judgment in favor of the defendants (ECF No. 86). The defendants, several web-based hotel booking companies, filed a response (ECF No. 95), to which Clark County replied (ECF No. 98). Clark County also filed a motion for leave to file supplemental briefing (ECF No. 101), which has also been fully briefed. For the reasons set forth below, the court denies Clark County's motions.

**I.     Background**

As the court recounted in its prior order, Clark County filed this action to recover allegedly unpaid taxes from the defendants. (ECF No. 1-1, at 3). Clark County is an unincorporated county organized under the laws of the state of Nevada. (*Id.* at 4). The defendants are various web-based hotel booking companies (the defendants include such companies as Orbitz, LLC; Travelocity, Inc.; and Expedia, Inc.). (*Id.* at 3–4).

Clark County imposes a "Combined Transient Lodging Tax" (hereinafter "Lodging Tax") under Clark County Code 4.08, *et seq*. (*Id.* at 6). The County does not dispute that the Lodging Tax is enabled by Nevada Revised Statutes 244.335, *et seq*. (*See, e.g.*, ECF No. 53, at 17; ECF

**James C. Mahan**
**U.S. District Judge**

No. 1-1, at 7). The heart of this dispute is whether the defendants are obligated to pay the Lodging Tax.

This court found that the defendants are not. (ECF No. 86). The relevant enabling statutes, NRS 244.3351 and NRS 244.3352, constrain the County's ability to levy the Lodging Tax to "persons in the business of providing lodging." (*Id.* at 4–5). Because the court found that, as a matter of law, the defendants did not qualify as "persons in the business of providing lodging" as contemplated by Nevada legislators, summary judgment in their favor was warranted. (*Id.* at 5–6).

The County now argues that the court's decision was manifestly unjust and asks it to reconsider its prior order. It additionally moves this court to allow supplemental briefing on its request for certification to the Nevada Supreme Court. (ECF No. 101).

**II.   Legal Standard**

Rule 59(e) "permits a district court to reconsider and amend a previous order[;]" however, "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

On one hand, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc.*, 229 F.3d at 890. On the other hand, "[a] movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions." LR 59-1(b).

Thus, the Ninth Circuit has provided that "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); FED. R. CIV. P. 60(b).

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e).

### III. Discussion

Clark County asks this court to reconsider its order on summary judgment, but it does not present this court with newly discovered evidence, establish that this court committed clear error, or proffer any intervening changes in controlling law. A motion for reconsideration is not another opportunity for the losing party to "reassert arguments, or revamp previously unmeritorious arguments." *Reeder v. Knapik*, No. 07-CV-362-L(LSP), 2007 WL 2088402, at *2 (S.D. Cal. July 18, 2007). But Clark County's motion does just that and fails to provide the court with any legal or factual basis for reconsidering the court's prior order.

A. <u>The court did not commit clear error or manifest injustice, and there is no intervening change in law.</u>

A finding of clear error requires a "definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001). Clear error exists when the court overlooks a previously raised argument, but this does not mean that the parties are "free to relitigate issues that the court has already decided." *Post Confirmation Tr. For Fleming Companies, Inc. v. Friedland*, No. 06-CV-1118, 2006 WL 3484374, at *2 (E.D. Pa. Nov. 21, 2006). "Accordingly, any litigant considering bringing a motion to reconsider based upon clear error and manifest injustice should evaluate whether what may seem to be a clear error of law is in fact simply a disagreement between the court and the litigant." *Id.* (cleaned up) (citations omitted).

The County has pointed to no mistake in law or fact that the court committed in its prior order. The County does not claim that there has been an intervening change in law. It appears that the County is attempting to take a second bite at the apple by relitigating old issues. The court, in its prior order, found that the County did not have authority to levy the Lodging Tax from the defendants and the County seeks reconsideration simply because it disagrees with that outcome.

**James C. Mahan**
**U.S. District Judge**

- 3 -

The court explained that, under Dillon's Rule, the County was limited in its authority to collect taxes by the Nevada enabling statutes, which provide that taxes may only be levied upon "persons providing transient lodging" or "persons in the business of providing lodging." (ECF No. 86, at 4–5). The court found that the defendants were merely intermediaries or booking facilitators who did not own any lodging and were therefore not, as a matter of law, among the persons contemplated by the Nevada legislators for taxation under NRS 244.335, *et seq.* (*Id.*).

This finding was supported by the County's own complaint. In its complaint, the County claimed that the defendants are merely "web-based hotel booking companies," that the consumers "obtain" transient lodging "in a hotel," and that the defendants merely "contract with hotels." (ECF No. 1-1, ¶¶ 1, 2, 3). This finding was also supported by the court's review of the enabling statutes, the statutes' legislative history, and certain relevant advisory opinions issued by the Nevada Department of Taxation. *Tom v. Innovative Home Sys., LLC*, 368 P.3d 1219, 1232 (Nev. App. 2016) (Tao, J., concurring) (explaining that, in Nevada, departmental advisory opinions may be persuasive because they bring the department's "superior subject-matter expertise to bear on the" legal question before the court).

The County, in its motion for reconsideration, repeats the same arguments it made in its original response to the defendants' motion for summary judgment and even cites the same cases. It argues that it had the authority to tax the defendants because the enabling statute, NRS 244.33565(1), authorizes it to define "transient lodging," and it defined "transient lodging" to mean "the right to possess, for rent, a sleeping room/space in a transient lodging establishment under a…contract, or agreement." (*E.g.*, compare ECF No.53, at 5–8 *with* ECF No. 91 at 4–12). Because the defendants provide their clients with a "right to possess" the hotel rooms booked through their websites, the County had the authority to collect taxes from them. (ECF No. 53, at 17–19; ECF No. 91, at 4–6).

The court is not convinced that it committed a clear error of law when it rejected this argument the first time around, and the County cites no binding legal authority otherwise. As the court already explained, the County cannot circumvent the limitations the Nevada legislators put on its authority to levy taxes by defining "transient lodging" to encompass more than what was

James C. Mahan
U.S. District Judge

- 4 -

intended by the enabling statute. (ECF No. 86, at 4) (explaining that the County's argument "contradicts legislative intent and advisory opinions directly relevant to the enabling statute…as well as general statute interpretation").

Looking at NRS 244.33565(2),[1] the County's authority to define "transient lodging" appears limited to deciding what *types* of "lodging" would be contemplated by the tax; it does not give the County the authority to expand the category of taxable persons the Nevada legislators contemplated.[2] The County's position is also in direct opposition to an April 12, 2005, Nevada Department of Taxation Advisory Opinion Letter, which this court considered before rendering its prior order.[3]

Clark County argues additionally that the court committed a manifest injustice by issuing its order granting summary judgment before it could complete Rule 56(d) discovery on the issue of whether the defendants were "managing agents" or "operators" under the County's Lodging Tax ordinance. (ECF No. 91, at 17). The defendants argue that the County *did* complete discovery and that discovery yielded no new, material evidence that the County did not already have access to at the time it responded to the defendants' motion. (ECF No. 95, at 5).

The parties' discovery disputes notwithstanding, the court did not commit clear error or manifest injustice when it entered its summary judgment order because the issue the County sought additional discovery for was not relevant to the court's ultimate decision. The court granted summary judgment because it found that the County did not have the authority, under the relevant Nevada enabling statute, to collect taxes from the defendants in the first instance. Accordingly, it is irrelevant whether the agreements or relationships between the parties

---

[1] "The definition adopted by the board…[m]ay include rooms or spaces in any one or more of the following: (1) hotels, (2) motels; (3) apartments…."

[2] Nevada interprets "statutes within a statutory scheme harmoniously with one another to avoid an unreasonable or absurd result." *Nev. Attorney for Injured Workers v. Nev. Self–Insurers Ass'n*, 225 P.3d 1265, 1271 (Nev. 2010) (internal quotations omitted). Additionally, "administrative regulations cannot contradict the statute they are designed to implement." *Id.* at 83, 225 P.3d at 1271 (internal quotations omitted).

[3] The opinion was provided to the court as Exhibit 1 to the defendants' motion for summary judgment. (ECF No. 43-1).

**James C. Mahan**
**U.S. District Judge**

1 qualified the defendants as "managing agents" or "operators" under the *County's* ordinance because the County is constrained by the enabling statutes.

B. <u>No new evidence is presented to the court.</u>

"Newly discovered" evidence does not warrant reconsideration unless the moving party shows that the evidence could not have been discovered earlier even with due diligence, and that the evidence is of "such magnitude that the production of it earlier would have been likely to change the disposition of the case." *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211–212 (9th Cir. 1987). Clark County has failed to satisfy these criteria.

Clark County has identified no new evidence in its motion for reconsideration that would be likely to change the court's original disposition of the case. It attempts to argue that, at the time it opposed defendants' summary judgment motion, it did not have certain deposition testimony. That deposition testimony establishes a genuine dispute of fact as to whether the defendants were "managing agents" of the hotels, under the County's ordinance. (ECF No. 91, at 22).

Even assuming—without deciding—that the testimony could not have been discovered earlier with due diligence, production of it earlier still would not have changed the disposition of this case. Whether the defendants are "managing agents" under the County's ordinance is not dipositive to whether the County had the authority to levy the tax in the first instance. The court has already explained its position on this issue, at length.

D. <u>Clark County's request for certification.</u>

In its motion for reconsideration, Clark County "suggests referral to the Nevada Supreme Court for its view on the reach of its statutory framework and the interpretation of what is meant by the terms 'engaging in the business of providing lodging' within the meaning of the state statutes." (ECF No. 91, at 3). The County then filed a motion for leave to file a supplemental brief on this issue. (ECF No. 101). The court denies the County's requests.

The Ninth Circuit has held that there is a "presumption against certifying a question to a state supreme court after the federal district court has issued a decision. A party should not be allowed a second chance at victory through certification by [an] appeals court after an adverse

**James C. Mahan**
**U.S. District Judge**

- 6 -

district court ruling." *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008).  In *Thompson*, the plaintiff did not request certification until after the district court dismissed its claims.  *Id.* at 1057.  The circuit court held that it was within the district court's discretion to deny certification because the plaintiff waited until after it received an adverse ruling to request it.  *Id.* at 1065.  In such circumstances, absent compelling reasons, certification should be denied.  *In re Complaint of McLinn*, 744 F.2d 677, 681 (9th Cir. 1984)

Clark County was aware of the potential dispositive legal issues in this case at the time it opposed the defendants' motion for summary judgment.  It could have asked for certification then, but it chose not to.  Its efforts to invoke certification now can only be characterized as an attempt at "a second chance at victory," and it has not given the court any compelling reasons.  Accordingly, this court denies the County's request for certification.

Supplemental briefs may be filed only upon a showing of good cause, and only with leave of court.  LR 7-2(g).  Good cause might exist where "the proffered supplemental authority controls the outcome of the litigation, or when the proffered supplemental authority is precedential, or particularly persuasive or helpful."  *Hunt v. Washoe Cnty. Sch. Dist.*, No. 3:18-CV-501-LRH-WGC, 2019 WL 4262510, at *3 (D. Nev. Sept. 9, 2019).  The County has not demonstrated good cause, and the court denies its request to supplement.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Clark County's motion for reconsideration (ECF No. 91) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Clark County's motion for leave to file a supplemental brief (ECF No. 101) be, and the same hereby is, DENIED.

DATED January 16, 2024.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**